## No. 3061

## Second Circuit

## SMITH v. BUTLER

(November 10, 1927.  Opinion and Decree.)
(December 21, 1927.  Rehearing Refused.)
(January 18, 1928.  Writ of Certiorari and Review Refused by Supreme Court.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Master and Servant Par. 160 d.**

Under Section 8, Subsection 5, of the Workmen's Compensation Act No. 20 of 1914, as amended, it is the duty of the injured employee to continue medical treatment, and therefore he is responsible for failure to do so.

2. **Louisiana Digest—Master and Servant Par. 159, 160 d.**

Where employee fails to continue medical treatment the compensation will be paid for the period of time that he probably would have recovered had he continued this treatment.

3. **Louisiana Digest—Master and Servant Par. 154, 159.**

Under Section 8, Subsection 3, of the Workmen's Compensation Act No. 20 of 1914, as amended, the term "wages" on which compensation is based is the rate of pay and not the actual pay earned.

4. **Louisiana Digest—Master and Servant Par. 160 i.**

Under Section 18, Subsection 1 (b) of Act 85 of 1926, amending the Workmen's Compensation Act No. 20 of 1914, allegation of petition that "compensation was not paid in accordance with the provisions of the Workmen's Compensation Act" and "not paid promptly when due" are sufficient allegations under the act to overrule plea of prematurity.

**5. Louisiana Digest—Master and Servant Par. 160 i.**

Under Section 18, Subsection 1 (b), of Act 85 of 1926, amending the Workmen's Compensation Act No. 20 of 1914, allegation that "suit would be filed unless compensation was paid" and "that plaintiff was offered as full settlement compensation for only three months" is equivalent to an allegation that the defendant refused to pay the sum demanded.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Henry L. Smith against W. G. Butler.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

ODOM, J. We find in the record the opinion of the district judge, which is, in full, as follows:

"Plaintiff sustained a comminuted fracture of both bones of the left leg between the ankle and the knee on the 30th day of March, 1926. He was employed by defendant in raising a steel beam which was swung against his leg and fracturing it as described. He was confined in a sanitarium for twenty-five days, and was under the treatment of defendant's physicians up until the first of September, when he discontinued his visits to them. Considerable difficulty was experienced by the physicians in getting the tibia to unite; they resorting to what is known as a layne plate, which is an internal splint.

"It seems that this metal plate is laid along the bone and is fastened to the bone by four metal screws about half an inch long. This plate holds the bones securely in place and serves the same purpose as an external splint. It is not intended that the plate shall remain permanently attached to the bone, the regular course of treatment being to remove this plate as soon as the bone has securely knit.

"According to the testimony of Dr. Sanderson, who was assisting Dr. Slicer in the treatment of this plaintiff, the plate would have been removed in about two weeks if the plaintiff had not discontinued his visits. According to Dr. Sanderson, Dr. Slicer, who was the chief physician in charge, had taken unusual interest in the case and was much disappointed because plaintiff failed to allow them an opportunity to complete the treatment.

"Without reviewing the testimony at length, it is perfectly clear that the only trouble with the plaintiff at this time is due to the failure to remove this plate. The x-ray pictures show a good union and good position of both bones. Directly under this plate there is a small gap, due to the presence of the plate. The x-rays further show that the screws have worked loose, and that nature is in its own way endeavoring to get rid of this foreign substance.

"All of the doctors agree that this plate should be immediately removed. It will be borne in mind that the removal of this plate would not entail the original operation. It is merely the completion of an operation already performed when the plate was attached to the bones. Therefore, decisions to the effect that an injured employee cannot be compelled to submit to an operation would not apply to this situation of treatment already begun.

"The plaintiff also complains of an injury and impairment to his left ankle, but we are convinced, from the testimony of Dr. Thomas and Dr. Potts, plaintiff's own witnesses, that the impairment of his ankle is not due to the injury complained of. The same is true in regard to some trouble with the lymphatic glands.

"At the conclusion of the trial of this case we announced in the presence of counsel for both sides that the case would be held under advisement for thirty days, and that we hoped that in the meantime the plaintiff would submit to the comple-

tion of the treatment by the removal of the plate so that we could determine whether or not his recovery was complete. However, after waiting much longer than the thirty days, it seems that counsel have not been able to agree upon the matter, or to have the plate removed, and that we are now forced to decide the case upon the testimony already submitted.

"Unquestionably plaintiffs in these cases are under the same obligations to co-operate and to minimize damages as other individuals. We cannot conceive it to be the law that plaintiff can refuse to complete treatment already begun and thereby perpetuate the disability that would be cured by the completion of the treatment, and recover compensation for a longer period than that reasonably covered by the necessary time to recover from the treatment if it had been taken.

"Section 8, paragraph 5, of the Employers' Liability Act provides:

" 'The employer shall in every case coming under this Act furnish the employee reasonable medical, surgical and hospital services and medicines not to exceed two hundred and fifty dollars in value, unless the employee refuses to allow them to be furnished by the employer.'

"In this case the evidence shows that the defendant has expended three hundred and sixty-six dollars ($366.00) upon the medical treatment for the plaintiff, and that the plaintiff has refused to continue the treatment. Therefore, the obligation and duty to remove the plate rests upon plaintiff, and he is responsible for the failure to have it removed.

"According to the testimony of Dr. Sanderson, plaintiff discontinued his visits on September 1st. The plate would have been removed had he continued his visits two weeks longer. Testimony varies as to how long it would be before the plaintiff could do hard manual labor of the character that he was doing at the time of his injury after the removal of the plate. It is estimated variously from twelve days, three to six months, six months to a year. We conclude, giving the plaintiff all of the doubt, that a period of six months would suffice, and that therefore plaintiff is entitled to sixty-five per cent of his wages from the time of his injury, March 30th, 1926, to six months from September 14th, 1926, or to March 14th, 1927.

"It is contended that the amount allowed should be based on the average sums earned by the plaintiff as shown by checks paid him for the four weeks he was employed by the defendant. But Article 3 of Section of the Employers' Liability Act provides:

" 'The term "wages" as used in this act is defined to mean the daily rate of pay at which the services rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury.'

"It will be noted that it is the rate of pay and not the actual pay earned that determines the wage. In the present case plaintiff was employed at the rate of thirty cents (30c) per hour for a working day of eight (8) hours, working five and a half (5½) days a week. This would make his weekly wage thirteen dollars and twenty cents ($13.20), sixty-five per cent of which amounts to eight dollars and fifty-eight cents ($8.58).

"At the time of the trial plaintiff was employed as an elevator boy at fourteen dollars ($14.00) per week, and while the testimony shows that he may be able to do light work before the complete ending of his disability, there is nothing to show what he could count upon earning at such work. Manifestly, employment as an elevator boy is a precarious employment.

"For the reasons before assigned, there is judgment for plaintiff for fifty (50) weeks compensation at the rate of eight dollars and fifty-eight cents ($8.58) per week, beginning March 30, 1926, which weekly payment to bear legal interest from the date it is due until paid, subject to a credit of $356.32 compensation already paid plaintiff. Defendant to pay all costs in this suit. Defendant's motion to reopen the case is overruled. Plaintiff's attorney's fees are fixed at one-third of the amount recovered."

Plaintiff prosecutes this appeal and defendant answered the appeal and asks that his exception of no cause of action filed in limine be sustained and that plaintiff's suit be dismissed; or, in the alternative, that the judgment on the merits be reversed.

Plaintiff, in oral argument and in brief, contends that it was error to limit the

period over which defendant should pay compensation, for the reason, as he states, that he was disabled at the time of the trial and that he should have been granted compensation as for total disability during the period of disability, not exceeding four hundred weeks; and he cites decisions of this court holding that in cases where the injured employee is disabled at the time of trial and the testimony is not such as to warrant the court to fix within reasonable certainty the period of disability he should be awarded compensation during disability, not exceeding the maximum period fixed by the statute. But, as the district judge correctly says, these decisions are not applicable because the testimony establishes beyond question that plaintiff himself is prolonging the period of disability by his refusal to accept simple and harmless treatment which defendant has offered him, the expense of which treatment defendant proposes to pay. Plaintiff's own physicians testified that they could have by simple and perfectly harmless treatment, not by an operation, relieved his disability if he had only submitted to the treatment, but that he neglected or refused to present himself for treatment and they condemned his conduct.

Defendant assigns as error the refusal of the district judge to sustain his exception of no cause of action and prematurity, which is based upon the ground that the petition does not allege that petitioner is not being or has not been paid and that the employer has refused to pay the maximum per centum of wages to which petitioner alleges that he is entitled.

Section 18 (1) (B) of Act No. 85 of 1926 (which Act was adopted after the date of plaintiff's injury and before the suit was filed) reads, in part:

"Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this Act, the presentation of (or) filing of such complaint shall be premature and shall be dismissed * * *."

Assuming, without holding, that the provisions of Act No. 85 of 1926 are applicable, we think the petition does set out a cause of action and that the suit is not amenable to the objection of prematurity.

After defendant's exception was filed, plaintiff filed an amended petition in which it is specifically alleged, in paragraph 2:

"That the defendant above has not paid his compensation in accordance with the provisions of the Workmen's Compensation Act."

And in paragraph 6:

"Petitioner further shows that since the above occurrence weekly compensation by the defendant has not been paid promptly when due."

These allegations, we think, meet the requirements of the statute, to-wit: that it must be alleged that the employee or dependent is not being paid or has not been paid the compensation to which he is entitled under the provisions of the Act.

But counsel go further and say that there is no allegation that defendant has refused to pay.

There is no allegation which sets out in precise terms that defendant refused to pay compensation, but we think paragraph 5 of the supplemental petition should be construed as equivalent to an allegation that demand was made by plaintiff and that defendant refused to pay compensation. That paragraph reads as follows:

"Petitioner further shows that one A. Simone called upon petitioner through

his attorney with reference to a settlement of his injuries on or about July 15, 1926, and offered petitioner three months' compensation in full settlement of his claim, which was refused. That the said A. Simone, representative of the defendant, was advised that suit would be filed unless weekly compensation was paid promptly."

The allegation that defendant was informed that suit would be filed unless compensation was paid is equivalent to an allegation that demand for such payment was made, and the allegation that plaintiff was offered, as full settlement, compensation for only three months, is equivalent to an allegation that defendant refused to pay the sum demanded. An offer to pay a claim in part only is equivalent to a refusal to pay it in whole. The allegations of the petition are somewhat loose, but they comply substantially with the requirements of the Act.

Under the plain letter of the Act courts are not bound down by the same technical rules of practice and procedure in suits of this character as they are in other suits.

Defendant's counsel urge that the judgment on the merits should be reversed. We do not think so. The judgment does substantial justice to both parties.

The judgment appealed from is affirmed.