No. 3399

Second Circuit

———

BROWN v. J. B. McCRARY CO. ET AL.

———

(January 21, 1929.  Opinion and Decree.)
(March 12, 1929.  Rehearing Refused.)
(April 22, 1929.  Writ of Certiorari and
Review Refused by Supreme Court.)

———

H. Fuller and Geo. M. Wallace, of Winn-field, attorneys for plaintiff, appellant.

St. Clair Adams, Leslie Moses and St. Clair Adams, Jr., of New Orleans, attorneys for defendants, appellees.

ODOM, J.  This is a suit under the Workmen's Compensation Law, Act 20 of 1914, as amended by Act 85 of 1926.

The plaintiff was employed by defendants as a common laborer and, while at work in the course of his employment, he sustained an injury to his hand which necessitated amputation between the hand and the elbow.  Under paragraph 5, subsection D, Section 8 of the Act, he was entitled to sixty-five per cent of his wages for 150 weeks.

Subsequent to the loss of the hand, plaintiff, represented by his attorney, Eugene Beck, and the defendants presented a joint petition to the Court, under paragraph 9, subsection (K), Section 8 of the Act, setting forth all of the facts, and, in Section 6 thereof:

"That your first named petitioner desires all compensation due him to be paid in one lump sum, namely the sum of Eight Hundred ($800.00) Dollars which your second named petitioner is willing to do but cannot without the approval of this Court."

The petition sets out that the plaintiff is of age, that he was at the time of the injury paid a weekly wage of $8.20, and was entitled to receive sixty-five per cent of that sum for 150 weeks.  The Court approved the settlement and ordered defendants to pay plaintiff $800.00, plus all medical expenses, amounting to $70.22.

The voucher for $800.00 was promptly drawn and delivered to plaintiff, Willie Brown, which he endorsed and collected.

Subsequently, the plaintiff, represented by other attorneys, filed the present suit in which it is alleged that the lump sum settlement previously made between him and his employers was not made in accordance with the facts and the law, and was null, void and not binding upon him; and he asks that said settlement be set aside by the Court and that he now be awarded compensation in the sum of $1462.50, which, he claims, was actually due him.

In addition to that sum, he asks that he be awarded an additional sum of one-half of that amount, which the statute allows in cases where the amount awarded in a lump sum settlement has been discounted at a greater rate than eight per cent per annum, and in cases where such settlements are made without the approval of the Court.

In the present suit, plaintiff alleges that at the time of his injury he was receiving a wage of $2.50 per day, or weekly compensation of $15.00, and that he was entitled to a settlement based upon sixty-five per cent of $15.00, or $9.75 per week for 150 weeks, or a total sum of $1462.50, instead of $800.00 which was paid him.

The specific grounds alleged as rendering the aforesaid lump sum settlement null and void are that the plaintiff was at the time a minor and was not represented by a parent, tutor or guardian; that the amount actually due him was discounted at a greater rate than eight per cent per annum; that fraud was practiced upon him to induce him to make said settlement; and that said settlement was entered into without the approval of the District Court.

On the trial of this case, the district judge set aside the lump sum settlement which had been previously made, and awarded plaintiff compensation based upon a weekly wage of $15.00 for 150 weeks. But he declined to penalize the defendants by adding to said sum one-half the amount thereof for the reason, as stated by him, that

"It would seem unjust for this Court to penalize the defendant Companies for the action and conduct of an attorney representing the plaintiff unless there could be shown some fraud or collusion between the attorney for the plaintiff and the agents or officers of the defendant Companies."

From the judgment rendered, the plaintiff has appealed.

## OPINION.

The testimony adduced on the trial of the present suit shows that the plaintiff at the time he was injured and at the time the lump sum settlement was made was under the age of 21 years, and that he was not represented in said settlement by a parent or a tutor. The lower court held, and we concur in that view, that the settlement for that reason was not binding upon him. He was without capacity to appear in Court and stand in judgment. The Court further found, and his finding is supported by the testimony, that at the time of the injury the plaintiff was receiving $2.50 per day, or a weekly wage of $15.00, and fixed his compensation at sixty-five per cent of that amount, or $9.75 per week for 150 weeks, and required defendants to pay costs, as well as medical expenses. We think there was error in that judgment.

The serious, and in fact the only, question presented on appeal is whether the Court should, under the circumstances, penalize the defendant companies for making

the lump sum settlement. We do not think so.

The evident purpose of the lawmaker in providing that, under some circumstances, the defendant may be required to pay an injured employee or his dependents one and one-half times the amount actually due him was to prevent unscrupulous employers from imposing upon their ignorant laborers. Certainly it was never intended that the law should work a hardship upon honest employers who deal fairly and justly with their employees. In the case at bar, the record satisfies us that there was no fraud practiced upon the plaintiff by the defendants, or any of their agents or employees, and that there was no attempt to take any unfair advantage of him.

The facts are that the plaintiff is a colored man, was employed by defendants as a common laborer to do a man's work and at a man's wage. The record does not disclose that there was anything to indicate that he was a minor. In the negotiations leading up to the lump sum settlement and in the settlement itself, the plaintiff was represented by Eugene Beck, a licensed attorney-at-law. The defendant companies were represented by an agent of the insurance company. In the joint petition presented to the Court asking its approval of the lump sum settlement, it is alleged that the plaintiff is of age, and that at the time of his injury he was being paid a weekly wage of $8.20, and that he was entitled to sixty-five per cent of this amount, or $5.33 a week, for 150 weeks, making a total sum of $799.50. He was paid exactly $800.00. According to the facts set out in that petition, the amount due plaintiff was not discounted at all, as the figures will show.

But counsel for plaintiff contend that the defendants knew that their employee was drawing a weekly wage of $15.00, instead of $8.20, and, for that reason, if for no other, it should be held that defendants knowingly paid plaintiff less than was due him. We are not impressed with this argument for the reason that there was a misapprehension on the part of the employers as to what should be considered the weekly wage of the plaintiff. The testimony shows that plaintiff was receiving $2.50 per day, and that he was paid $5.00 on November 4, $7.50 on November 18, and $7.50 on November 25. Therefore, for a period of something like twenty days he was paid only $20.00. It seems that the defendants were honest in the conclusion that his wages were correctly stated at $8.20 per week. However, since the lump sum settlement was made, this Court has twice held that the daily rate of pay in force at the time of the injury fixes the basis of the amount of compensation to which he is entitled.

Smith vs. Butler, 7 La. App. 338;

Menzel vs. Southern Stevedoring Company, 7 La. App. 703.

At the time this lump sum settlement was made, counsel for defendants knew nothing of these decisions, and, up to that time, there was serious question as to the proper method of arriving at the weekly wage where the employment was not regular and where there were different kinds of work being performed at different rates of pay.

Our conclusion is that the defendants all through acted in good faith. The lump sum settlement was proposed by the plaintiff himself, through his attorney. He represented that he was of age and there was no reason to suspect that he was not. He swore to the petition, which recited that

he had reached the age of majority. It is perfectly evident that if any fraud was perpetrated by anybody, it was perpetrated by plaintiff and his attorney, and not by anyone connected with the defendant companies.

Under such circumstances, we approve the lower court's holding that no penalty should be inflicted in this case, and we accordingly affirm his judgment, with costs in both Courts.