No. 2605

Second Circuit

———

QUATTLEBAUM v. TEXAS PIPE LINE COMPANY

———

(June 2, 1926, Opinion and Decree)
(June 30, 1926, Rehearing Refused)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 159.**

Where the evidence shows that the plaintiff an injured employee, was permanently totally disabled the court will grant compensation under Section 8, Subsection 1 (b) of the Workmen's Compensation Act No. 20 of 1914 for compensation not beyond four hundred (400) weeks.

ON REHEARING

2. **Louisiana Digest—Master and Servant —Par. 159, 160 (e).**

If the plaintiff, an injured employee, suing for compensation under the Workmen's Compensation Act No. 20 of 1914 is totally disabled at the time of the trial the court will not inquire as to when he will recover, but will grant judgment for compensation not exceeding four hundred (400) weeks, under Section 8, Subsection 1 (b) of the Act.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

Action by Andrew Quattlebaum against Texas Pipe Line Company. There was

judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Long and McSween, of Shreveport, attorneys for plaintiff, appellant.

Wise, Randolph, Rendall and Freyer, of Shreveport, attorneys for defendant, appellee.

ODOM, J.   The plaintiff was employed by the defendant as a laborer on a pipe line in the oil field at a weekly wage of $24.00.   On June 30, 1925, while at work on a pipe line, he was struck by lightning and seriously disabled.   He says that his right arm was badly twisted and remained in a disabled condition up to the time of the trial, although, he says, there has been considerable improvement.   In addition to his right arm being injured by the shock, it seems that his nervous system was considerably impaired, and from the date of the shock up to the trial of the case in November, 1925, he suffered pain in the right arm and in other portions of his body.   He testified that he had not been able to do any work of a reasonable character since the date of the accident but that he is not totally disabled from doing work of any kind.   He says that he could do light work, or such work as would not require physical exertion.

The testimony is undisputed that from the date of the accident he had done no work.   However he says that he and his grandchildren have gone over the country picking up copper wire and other articles of junk and have sold junk to the value of $30.00.   This, according to his testimony, is all that he has earned since the date of the accident.

Just how long he had worked for the defendant at the time he was injured is not disclosed by the evidence.

Plaintiff says that previous to the date on which he went to work for defendant he had been a labor foreman.   He says that such work as he had been engaged in prior to that time required considerable physical exertion, as it sometimes became necessary for him to climb up on houses and other structures in order properly to direct the work, and he says that in his present physical condition he cannot do that work now.

There were two physicians called, each of whom stated that the plaintiff was not, at the time of the trial, able to do any work requiring physical exertion; but stated, however, that, in their opinion, he was not totally disabled to do work of any kind.   They stated that he should be able to do light work, but they did not suggest what kind of work he would probably be able to do.

The testimony of the plaintiff, which is not disputed, is that up to the time of the accident he was in first-class physical condition, and to illustrate that he was, he stated that on the morning of the day of the accident, previous to going to work, he had scratched the top of his head with his right foot.

Plaintiff was 53 years old at the time of the accident, and stated that up to that time he had never had any physical disorder and, so far as he knew, there was absolutely nothing the matter with him physically.

The district judge awarded plaintiff compensation at 65% of the amount of wages he was receiving at the time of the injury, or $15.60 per week, for a period of 300 weeks.

The fact that he awarded plaintiff compensation at 65% of the amount of his wages at the time of the injury, indicated that he found that plaintiff was totally disabled; because for partial disability the statute provides for compensation at 65% of the difference between the amount of wages plaintiff was earning at the time of the injury and the amount he was able to earn thereafter.

On the contrary, the fact that he awarded compensation during disability for three hundred weeks indicates that he found that plaintiff was only partially disabled.

We are inclined, however, to the view that the court held that plaintiff is totally disabled to do work of a reasonable character and that his fixing the period over which the compensation should be paid at not exceeding three hundred weeks was probably a clerical error.

The defendant did not appeal from the judgment of the District Court. However it moved in this court to amend the judgment and asked that the suit be dismissed as in case of non-suit.

We cannot say that the court manifestly erred in holding that plaintiff is totally disabled to do work of a reasonable character, although it is in evidence that he is able to do light work.

But the fact is that he had been unable to find any work that he could do up to the time of the trial.

However, there seems to be no serious contention on the part of the defendant that the judge erred in fixing the compensation at $15.60 per week.

Counsel for defendant in brief argue that the testimony shows that plaintiff is only partially disabled, but in the concluding portion of their brief they state as follows:

"As a practical proposition, whether the plaintiff's contention, or that of the defendant, is correct, the district judge probably reached the correct conclusion, inasmuch as the plaintiff was earning substantially nothing at the time of the trial and his recovery is properly fixed at 65% of his wages at the time of the accident, and inasmuch as the case can be reopened after a period of twelve months if it should develop on the one hand that plaintiff is able to earn something which would reduce the amount of his recovery, or on the other hand, if it should develop after that time that he will probably be permanently and totally disabled to do work of a reasonable character.

"We accordingly feel that the judgment of the lower court should be sustained for that reason."

We take this to mean that defendant concedes that plaintiff is totally disabled to do work of a reasonable character.

That being true, the district judge erred in fixing the period over which compensation should be paid at not exceeding three hundred weeks, for in cases of total disability the compensation to be paid under the statute is during disability, not exceeding four hundred weeks.

There is, therefore, but one thing for this court to do and that is, to amend the judgment so as to provide that plaintiff shall receive compensation during his disability not exceeding four hundred weeks.

For the reasons assigned; it is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to provide that plaintiff shall receive compensation at sixty-five per cent of the wages he was receiving at the time he was injured during his disability, not exceeding four hundred weeks; and, as thus

amended, the judgment is affirmed. Defendant to pay all costs.

———

## ON REHEARING

REYNOLDS, J. A rehearing was granted in this case for the purpose of further considering the question as to whether or not this court could definitely determine that plaintiff, who was totally disabled at the time of the trial, would recover within three hundred weeks.

In Connell vs. Gilliland Oil Co., 2 La. App. 435, we said:

"We must decline to enter into this inquiry. To do so would be to assume the functions of prophets for which we are neither authorized by law nor qualified by nature. If in any case of still continuing total disability we could, from the testimony of medical experts in the record, form any opinion of our own as to how long disability would last, we could not do so in this case which is totally lacking in such evidence."

And we quoted with approval the following from Moore vs. Poet, 99 Kansas 443 (162 Pac. 295):

"The phrase 'total incapacity for work' as used in the Workmen's Compensation Act, does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual task of a workman in such a way as to enable him to procure and retain employment is ordinarily rated as totally incapacitated."

In Million vs. W. K. Henderson Iron Works & Supply Co., 2 La. App. 539, we said:

"The evidence in the record convinces us that the plaintiff was injured as he says he was, and according due weight to the testimony of the eminent physicians who testified in the case, we are also convinced that the injury sustained by plaintiff, either as a direct cause or by aggravating a malady that lay dormant in him prior to the injury, has produced total disability to do work of any reasonable character, that may continue for a short time or possibly indefinitely."

In King vs. McClanahan, 3 La. App. 117, we said:

"The evidence satisfied the district judge that the injury produced total disability to do work of any reasonable character and that this condition of total disability still existed at the time of the trial on May 12, 1925, nearly ten months after the accident. Under the evidence we cannot say he manifestly erred. Doctor Pirkle expressed the opinion that plaintiff with proper treatment would have a 75% recovery in a year. Evidently adopting this view the district judge allowed compensation for total disability for 96 weeks (evidently 44 up to the time of the trial and 52 therafter) and compensation for partial disability during such disability, not exceeding 300 weeks. We think, though, that where, as in this case, the total disability has lasted so long and where there is no reason to expect it will end in a year, the court should not indulge in prophecy and fix a time in advance when compensation shall be reduced from the basis of total to that of partial disability. The matter, in our opinion, should be left to await the event. If plaintiff does recover partial ability, as Doctor Pirkle expects, the defendants may avail themselves of the right of review granted by the statute."

In Price vs. Gilliland Oil Co., 3 La. App. 175, we said:

"Where a condition of total disability at the time of the trial is shown, which is likely to continue for a considerable length of time, we think the purposes of justice demand that the matter be left for time to determine. In case the total disability does cease, the defendant can avail itself of the right granted by the statute to review the judgment."

In Chandler vs. Oil Fields Gas Co., 2 La. App. 778, we said:

"We are constrained, though, to differ from our learned brother of the lower court and to hold that inasmuch as the injury has resulted in total disability compensation should be awarded on that basis; as the disability had not ceased at the time of the trial and as it would be purely speculative on our part to indulge in any opinion as to when, if ever, it will cease, and as after a year from the time the judgment becomes operative the defendant will have the right to review the judgment, we think it proper to apply clause (b) of subsection 1 of section 8 quoted above."

And in Hutchinson vs. La. Cent. Lbr. Co., 3 La. App. 413, we said:

"We have decided in several cases that where the condition of the injured workman at the time of the trial was one of total disability, which was likely to last a long time, we would not venture on prediction as to when his condition would change to one of only partial disability but would leave this to be determined by the event.

\* \* \*

"We are satisfied that this view of the law is correct. It cannot injure the employer because if restoration to ability to work does take place the employer can obtain modification after a year by availing himself of the right of review granted by the statute. If, though, we should indulge in prophecy and determine that the plaintiff was going to recover, wholly or partially, within a certain time in the future, and the prophecy should not come true, the effect would be to cut off plaintiff's right to a 100 weeks' compensation even though the disability should continue beyond three hundred weeks."

There is no evidence in the record tending to prove that plaintiff's disability will either cease altogether or become only partial within any fixed space of time.

It is therefore ordered, adjudged and decreed that the judgment heretofore rendered by us in this case be now reinstated and made the judgment of the court.