MENZEL v. SOUTHERN STEVEDORING
COMPANY

---

(February 27, 1928.  Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Master and Servant
—Par. 159.

In ascertaining the rate of Compensation
to which an employee is entitled under
the Employers' Liability Acts, when
the employee at different times is en-
gaged in different occupations and his
wages vary in each occupation, the
daily rate of pay in force at the time
of the injury fixes the basis of the
amount of compensation to which he
is entitled.

Appeal from the Civil District Court.
Hon. Wm. H. Byrnes, Jr., Judge.

Action by Widow Frank Menzel against
Southern Stevedore Company, et al.

There was judgment for the plaintiff and
the defendant appealed.

Judgment affirmed.

Miss Anna McCoy & Paul Sompayrac,. of
New Orleans, attorneys for plaintiff, ap-
pellee.

Spearing & Mabry, of New Orleans, at-
torneys for defendant, apppellant.

CLAIBORNE, J.    While plaintiff's hus-
band was engaged in working as a long-
shoreman for the defendant he was killed.
His widow sues under the Employers' Lia-
bility Acts.  She sues the employer and
the surety company.

She alleges that at the time of her hus-
band's death, he was earning eighty cents
an hour during eight hours of the day, ag-
gregating $6.40 per day according to which
she is entitled to recover 32½ per cent
or $12.47 per week for 300 weeks from
June 21, 1926.

For answer, the defendant, Southern
Stevedoring Company, admitted that the
plaintiff was the widow of the deceased
and that he was employed by it in the
capacity of a longshoreman, but denied
all the other allegations of the petition.

The trial court found that the deceased
was a longshoreman at the time of the in-
jury which caused his death, and that he
was earning eighty cents an hour for an
eight-hour day or $6.40 per day or a weekly
wage of $38.40, and rendered judgment
for 32½ per cent of this amount or $12.47
per week for 300 weeks and for $150 for
funeral expenses.

The defendant, employer, has appealed.

Its contention is that during the year
prior to his death the deceased had earned,
under his employment as longshoreman,
the total sum of $947.15 which represented
a weekly wage of $18.21 and should be
the basis of plaintiff's recovery and not
$38.40.

The compensation to which plaintiff is
entitled is determined by Section 8 of Act
20 of 1914 as amended by Act 216 of 1924,
p. 399, reading as follows:

Page 400, S. 2:

"That for injury causing death within
one year after the accident weekly com-
pensation shall be paid under this act for
a period of 300 weeks to the following per-
sons:  (A) If widow or widower alone and

no children, then to such widow or widower thirty-two and one-half per cent of wages."

Page 402, S. 3:

"The term 'wages' as used in this act is defined to mean the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury, etc."

The defendant finds no support for the theory upon which he would base his interpretation of the words "the daily rate of pay." The case of Dick vs. Gravel Co., 152 La. 993, 95 So. 99, to which it refers does not sustain it. The case of Wilson vs. La. Central Lumber Co., 3 La. App. 425, is apposite. In that case the plaintiff, at times, was employed in hauling, when he received $3.30 per day, and at other times as a swamper when he was paid $2.75 per day. At the time of the injury plaintiff was swamping. The Court fixed his rate of compensation upon the basis of $2.75 per day. We are of the opinion that this case and the judgment herein, constitute a correct interpretation of the statute above quoted and the judgment is therefore affirmed.

The insurance company had filed an exception of no cause of action. It does not appear that the trial court passed upon that exception; judgment was rendered against it on the merits in solido with the employer. The insurance company has not appealed nor has it filed any petition in this Court asking for an amendment of the judgment. But the insurance company by brief, asks that this Court pass upon the exception of no cause of action filed by it in the trial Court, relying upon the case of Veasey vs. Peters, 142 La. 1012, 77 So. 948 (1015), in which the Supreme Court decided that an exception of no cause of action filed in the Supreme Court would be considered. There are three reasons why the exception filed in the trial Court cannot be passed upon by this Court. The first is, that the trial Court did not render judgment upon it, and this Court can only review judgments rendered by the trial Court and appealed from. Second, that having gone to trial on the merits without insisting on a prior judgment upon the exception, the appellant is presumed to have waived it. Succn. Lefort, 139 La. 61, 71 So. 215. Third, the defendant company has not filed any exception of any kind in this Court. It cannot rely upon the exception of no cause of action filed in the trial Court, which he is presumed to have waived.