CHATMAN v. COMPANIA DE NAVEGA-
CAO, LLOYD BRASILEIRO

(March 7, 1932.  Opinion and Decree.)
(April 4, 1932.  Rehearing Refused.)
(May 23, 1932.  Writs of Certiorari and
Review Refused by Supreme Court.)

William A. Green, of New Orleans, at-
torney for plaintiff, appellee.

Leslie P. Beard and Chester A. Peyron-
nin, of New Orleans, attorneys for defend-
ant, appellant.

WESTERFIELD, J.  This is a suit un-
der the Workmen's Compensation Law
(Act No. 20 of 1914, as amended).  Plain-
tiff, a negro longshoreman, alleges that,
while in the employ of the defendant com-
pany, he was injured by the falling of two
sacks of coffee, which struck the handle of
a truck, with the result that the truck
handle struck petitioner in the back, "caus-
ing a severe contusion of petitioner's back
and that this jolt, jar and blow and the
contusion caused thereby did and has se-
verely aggravated the hypertrophic arthri-
tis of petitioner's lumbar spine."  He prayed
for compensation at the rate of $20 a
week and for medical expenses.

There was judgment below in favor of
petitioner for five weeks' compensation at
$20 a week, and $42.65 for medical ex-
penses.  Defendant has appealed.

The record shows that the accident hap-
pened on the wharf where plaintiff was
employed and that he reported to the fore-

man of the defendant company and received a "slip" entitling him to call upon the defendant's physician, which he did on May 13, 1931, the day after the accident occurred. He was treated by the defendant's doctor over a period of four or five days, when he was discharged on the ground that he was a malingerer, whereupon plaintiff selected a doctor on his own account, who treated him for about four weeks. Both doctors, Dr. Gessner, who believed the plaintiff to be a malingerer, and Dr. Harrison, plaintiff's doctor, testified. Dr. Gessner expressed his opinion that plaintiff was a malingerer, and Dr. Harrison believed that his injuries were real and his disability genuine. Dr. Harrison thought he was disabled, as the result of the accident, about six weeks. With the exception of Dr. Ane, an expert, who testified on behalf of plaintiff interpreting X-rays which were taken of plaintiff's spine and who testified that the X-rays showed "negative fracture or dislocation hypertrophic arthritis of the lumbar spine," only one other doctor, a partner of Dr. Harrison, Dr. Stone, gave any medical testimony. Dr. Stone was of no assistance because he testified entirely from office records which he did not keep. We have therefore a direct contradiction of medical testimony. In corroboration of plaintiff there is his own statement, for whatever it is worth, and the fact that he was sent to the defendant's physician after having reported the accident. All physicians agree that there were no objective symptoms of injury, and all agree that he was, previous to the alleged injury, suffering from arthritis of the lumbar region. The point on which they disagree is in fixing the effect of the accident upon the arthritis.

The trial court believed the testimony of plaintiff's physician, and, though we are in some doubt ourselves, as it seems a very close question to our minds, we do not feel justified in disturbing the conclusions of the lower court under the circumstances. Accepting the statement of his physician that his injury disabled him for six weeks, and deducting the first week, for which compensation is not allowed, we find the plaintiff to be entitled to five weeks' compensation. His expense for medical services is sufficiently established, and that also must be allowed.

An unsuccessful attempt was made in the trial court to have the fee of Dr. Ane, an expert witness called by the plaintiff, taxed as costs in the sum of $25. It should have been allowed. Levy v. McWilliams et al., 13 La. App. 444, 127 So. 761, 129 So. 170.

Plaintiff claims that he was earning $30 a week. The record shows that his rate of pay was $.65 an hour, and that he worked eight hours a day, but it appears that he was not regularly employed. According to the paymaster of the defendant company, over a period from March 23 to May 13 plaintiff earned only $34.45, and the argument is that compensation should be based upon the average weekly earnings during that period. It is undisputed, however, that plaintiff worked eight hours daily when he worked and earned $.65 per hour which, if he were steadily employed, would make his weekly compensation in excess of $30 per week, and entitle him to the maximum compensation under the law, or to $20 per week, the amount he is claiming. The basis of compensation, as established by the statute, is the daily rate of pay.

"The term 'wages' as used in this Act is defined to mean the daily rate of pay at

which the service rendered by the injured. employee is recompensed under the contract of hiring in force at the time of the injury," etc. Paragraph 3, Section 8, Act 20 of 1914, as amended by Act 216 cf 1924.

See Menzel v. Southern Stevedoring Co., 7 La. App. 703; Schneider's Workmen's Compensation Law, sec. 435.

For the reasons assigned, the judgment appealed from is amended so as to make the judgment read as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Joseph Chatman, and against the defendant, Compania de Navegacao, Lloyd Brasileiro. for compensation at the rate of $20 per week for five weeks, beginning May 20, 1931, with 5 per cent interest thereon from the due date of each installment.

It is further ordered that plaintiff have judgment in the sum of $42.65 for medical expenses.

It is further ordered that the expert fees of Dr. Ane in the sum of $25 be taxed as costs of these proceedings.

As thus amended, the judgment is affirmed.

---

ON APPLICATION FOR REHEARING

PER CURIAM. Our attention has been directed to the fact that in computing the period of disability we found that the plaintiff was entitled to six weeks and deducted the first week, allowing him a total of five weeks. The record shows that the disability totaled five weeks; consequently, deducting the first week, four weeks should have been awarded.

Our former decree is amended to this extent and rehearing is refused.