### RYLANDER v. T. SMITH & SONS, Inc.*
### No. 14341.

Court of Appeal of Louisiana. Orleans.

Jan. 3, 1933.

Wm. H. Sellers and Edward Rightor, both of New Orleans, for appellant.

Wm. A. Green, of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit for compensation. The plaintiff, a longshoreman, was injured under circumstances admittedly entitling him to compensation. The contention in the case involves the length of time for which compensation is due and the amount. There was judgment below awarding plaintiff $20 a week from April 14, 1932, to July 14, 1932. Defendant has appealed, contending that plaintiff's disability began on the 14th of April and ended on the 16th of May, and that the amount to be allowed him should be the result of an average of his earnings extending over a certain period of time, rather than the daily rate of pay.

As to the extent of plaintiff's disability, the position of plaintiff is maintained by one physician and that of defendant by another, the version of plaintiff's physician being accepted by the court below. We have no confidence in our ability to arrive at a more satisfactory result in an effort to resolve the doubts which the conflicting testimony raises. Consequently we will leave this matter as we find it.

Plaintiff was paid at the rate of 65 cents an hour. Eight hours constituted a day, and, when he worked longer than eight hours, he was paid overtime at an increased rate, a dollar an hour during the night, the daytime overtime not appearing from the record. The paymaster of the defendant company was allowed to testify over the objection of plaintiff's counsel concerning the amount earned by plaintiff during the period of his employment and his compensation is shown to have been as low as $2.80 a week for some weeks and not exceeding $8.40 for any week. Defendant argues that, in order to arrive at the proper basis of compensation, we should divide the average of these weekly payments by the number of weeks which plaintiff worked, for to do otherwise would result in unfairness to his employer in that an injured employee would receive greater compensation than one who was able-bodied, due to the fact that work on the river front is intermittent and unsteady, employment being provided some days only for a few hours, and at other times a half or a whole day, as the situation justifies. In the case of Chatman v. Compania De Navegacao Lloyd Brasileiro, 19 La. App. 616, 140 So. 141, we held, in a case practically identical with the present one so far as this point is concerned, that a negro longshoreman, who was employed intermittently and precariously, was entitled to be compensated upon a basis of his daily rate of pay and not on his average weekly earnings, pursuant to the requirement of paragraph 3, section 8, Act No. 20 of 1914, as amended by Act No. 216 of 1924. A writ of certiorari to the Supreme Court was applied for in this case and denied upon the ground that the case had been correctly decided. Consequently, so far as this court and the Supreme Court are concerned, the interpretation of the compensation law in the Chatman Case is as we have stated. Counsel frankly concedes this to be the situation, but, nevertheless, attacks the propriety of the conclusions reached. We do not feel called upon to defend the ruling in the Chatman Case, but certain considerations leap to the eye ; for example, What would be the basis of compensation of an employee who had been seriously injured or killed during the first hour of his employment following a long period of unemployment, say six months of a year, in which he had been able to earn only a few dollars, let us say an average of a dollar a week? What system of average could be employed to compensate such work-

*Rehearing denied January 16, 1933. Certiorari granted by Supreme Court February 27, 1933.

men, whose daily rate of pay was $5.20 or 8 times 65 cents an hour? It may be suggested that the method of computing compensation which the statute ordains will result in this plaintiff receiving more money during his incapacity than when employed, and it might also happen that with overtime his pay when employed would be greater. In any event laws are designed to promote the general welfare without regard to specific and individual results.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.