### BECO v. T. SMITH & SONS, Inc.

#### No. 14419.

Court of Appeal of Louisiana. Orleans.

Feb. 27, 1933.

W. H. Sellers, of New Orleans, for appellant.

Wm. A. Green, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff sued defendant claiming compensation for an injury alleged to have been sustained on April 30, 1932, while working as a longshoreman. Defendant admitted the accident, averred that it had paid the plaintiff $42 compensation, and defended the case, first, upon the ground that the plaintiff's disability ended on June 6, 1932, when he was discharged by defendant's doctor, and, secondly, that the plaintiff was not entitled to receive the maximum amount of compensation of $20 per week.

There was judgment in favor of the plaintiff for the sum of $200, representing ten weeks' compensation at $20 per week, subject to a credit of $42, and defendant has appealed. Plaintiff has answered the appeal and asked for damages for frivolous appeal.

The record shows that plaintiff was employed by defendant as a longshoreman; that he was injured on April 30, 1932, when a large roll of barbed wire, which he was attempting to load on a truck, fell, the sharp barbs striking him a glancing blow on the right shin bone, causing two jaggered wounds, one 3¼ inches and the other 1½ inches in length; that he was immediately treated by defendant's physician, who cleaned the wound and brought it together with Micher clamps, which were removed about ten days later; that he was discharged by defendant's physician on June 3, 1932, and pronounced capable of returning to work on June 6, 1932; that the plaintiff felt that the wound and injury had not completely healed and that he was unable to go back to work, because the leg was swollen and pained him; that on June 6, 1932, he consulted Dr. Julian Lombard and his assistant, Dr. John Redding, who examined him and found two lacerated wounds on the right leg of about the dimensions already above stated, with a white fluid in the larger wound, which was drained; that he made nine visits to their offices and was treated by applications of in-

fra-ray, or baking, and discharged as cured on July 14, 1932.

The medical testimony is in sharp conflict as to the period of disability of plaintiff on account of the injury. Plaintiff and his doctors maintain that he was unable to return to work until July 14, 1932, and defendant's doctor says he was able to work on June 6, 1932. Considering the fact that plaintiff and his two doctors testified that the period of disability lasted until July 14, 1932, and their testimony was accepted by the lower court, we see no reason to interfere with the finding of our learned brother below.

As to the rate of compensation, this court has held that the maximum amount of $20 is applicable in such situation. Chatman v. Compania De Navegacao, Lloyd Brasiliero, 19 La. App. 616, 140 So. 141; Ryland-er v. T. Smith & Son, Inc. (La. App.) 145 So. 64, decided January 3, 1933; subdivision 3, § 8, Act No. 20 of 1914, as amended by Act No. 216 of 1924.

The request for damages for frivolous appeal will be denied.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.