ST. PAUL, Justice.
 

 Plaintiff was accidentally injured whilst in the employ of defendant, and claims workman’s compensation under Act No. 20 of 1914 as amended by Act No. 242 of 1928. The only question involved is the rate at which his compensation shall be allowed.
 

 I.
 

 He was paid at the rate of 65 cents an hour when he worked; eight hours constitute a working day, and six days constitute a working week. If he worked eight hours every day and six days every week, his “daily rate of pay” would be $5.20 and his weekly wages $31.20. But on account of the scarcity of work in his line (longshoreman) during the last few months he was not employed evpry day, nor did ho often work as much as eight hours on those days when he was employed. The evidence shows that for the past several months his earnings were sometimes as low as $2.80 per week and never more than $8.40 per week; that his total earnings during the past several months averaged $5.20 per week, the equivalent of one full (eight hour) day per week.
 

 II.
 

 Under the original act, No. 20 of 1914, § 8, the compensation allowed an injured workman or his dependents was fixed.at a certain percentage of his “average weekly wages,” and the “average weekly wages,” as thus used, was defined to mean “the annual earnings of the injured employee divided by fifty-two.” But by subsequent amendments to said section 8, to wit, Act No. 216 of 1924, Act No. 242 of 1928, the term “average weekly wages” was entirely expunged from said act, and in lieu thereof the compensation allowed is fixed at a percentage of the injured workman’s “wages,” and the term “wages” was defined to mean “the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury.” It is therefore clear that these two amendments worked, and were manifestly intended to work, a radical change in the’p law. Henceforth the rate of compensation allowed the injured workman was no longer to be based upon his “average weekly wages” but upon his “daily rate of pay”; and the fact that the compensation was still to be paid weekly and for a certain number of weeks instead of daily or yearly for a certain number of days or years has no bearing
 
 on
 
 the quantum of compensation to be paid, but only on the method of payment and the length of time during which compensation shall be paid.
 

 
 *719
 
 ul
 

 It seems to us, therefore, that it would be doing violence to the plain intent of the lawmaker to revert to the “average weekly-wages” as the standard for computing the rate of compensation instead of adhering to the plain words of the statute and fixing the compensation on the basisi of the “daily rate of pay” ; and it would certainly be reverting to the “average weekly wage” standard to first compute the average weekly earnings of a workman during some past period and then divide this by the number of working days in a week and thereby fixing the “daily rate of pay” of a workman, instead of seeking, as the amendments provide, directly and simply “the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury.”
 

 IV.
 

 This was the view taken by the Court of Appeal, Second Circuit, in Wilson v. Louisiana Central Lbr. Co., 3 La. App. 425. In that case plaintiff was employed by the defendant to work regularly for them; his usual occupation was that of a log hauler and his pay as such was $3.30 per day. On the day when he was injured the teams were out of condition and he went to work that day as a swamper at $2.75 per day. He sued for compensation at the rate of $3.30 per day. The court held that having been injured while working as a swamper at $2.75 per day, that was the daily rate of pay at the time of his injury and.refused to allow him compensation at the greater rate of $3.30 per day which he usually earned as a log hauler.
 

 This was also the view taken by the Court of Appeal for the parish of Orleans, in Menzel v. Southern Stevedoring Co., 7 La. App. 703. In that case the injured employee was earning $6.40 per day at the time he was injured, but for a' year previous to that time he had averaged only $3 per day. The court held that the daily rate of pay at the.time of the injury was $6.40 per day and fixed the compensation accordingly. Again the Court of Appeal, Second Circuit, in King v. American Tank & Equipment Corp., 144 So. 283, 289, took the same view. The court said: “Under defendant’s contention [to the contrary], one injured while working only one, two, or three days a week, due to unusual economic conditions, should only be allowed compensation at 65 per cent, of his daily wage, based upon the number of days then employed, although he has become totally disabled and will never be able to work again, when if he had not been injured, he could possibly have secured employment for six days a week in the near future. The accident and injury have deprived him of the ability to work in the future, when he could secure full time -employment.”
 

 This was correct. The workman’s compensation statute is not a statute allowing the workman
 
 damages
 
 for injuries sustained in the course of his employment even through the negligence or fault of his employer. It is essentially insurance against the loss or diminution of earning capacity, see section 8, subsec. 1 (a) (b) (c). That earning capacity was first fixed, under the origi
 
 *721
 
 nal act, as the “average weekly wages” for the year preceding the injury; it is now fixed, by the amending acts, at “the daily rate of pay * * * at the time of the injury.”
 

 The view hereinabove .taken was also again taken hy the Court of Appeal for the parish of Orleans in Chatman v. Compania De Navegacao Lloyd Brasileiro, 19 La. App. 616, 140 So. 141; a writ of certiorari therein was denied by this court on May 23, 1932.
 

 In the ease before us the Court of Appeal followed its ruling in the case just cited, and our opinion is that its judgment is correct.
 

 In Gousoulin et al. v. Lake Charles Stevedores, Inc., 19 La. App. 96, 139 So. 747, and in Williams v. Lake Charles Stevedores, 19 La. App. 185, 139 So. 748, the Court of Appeal, First Circuit, seems to have thought that because the compensation to the injured workmen is payable weekly therefore when a workman was not employed full time his “average weekly wages” for a past period was a fair standard for measuring his “daily wage.” This would, of course, give the average daily earnings of the injured workman for the period immediately preceding the injury, but that is not the standard of compensation provided in the statute which distinctly fixes the standard of compensation as the “daily rate of pay * * * at the time of the injury.” And accordingly we think that court erred and that the views of the Court of Appeal for the Second Circuit and for the parish of Orleans are correct.
 

 Decree.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.