## PRESTON v. RAMONEDA BROS.*

### No. 14572.

Court of Appeal of Louisiana. Orleans.
Jan. 15, 1934.

Edward Rightor and Wm. H. Sellers, both of New Orleans, for appellants.

Wm. Green, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff, a colored laborer, claims that he was permanently and totally disabled as a result of an injury received while trucking staves in the defendant's employment, and that he is entitled to compensation for 400 weeks. The defendant filed a general denial.

There was judgment in favor of the plaintiff as prayed for, subject to a credit of $234, representing compensation at the rate of $15.-60 per week for fifteen weeks previously paid by the defendant to the plaintiff. The defendant has appealed.

Defendant contends, first, that the evidence does not sustain the finding of the trial judge that the plaintiff was permanently and totally disabled; and, second, that the amount of compensation allowed is excessive.

The record shows that the plaintiff had been employed as a laborer for a considerable period by the defendant, which was engaged in the stave business; that on May 11, 1929, the plaintiff sustained a right inguinal hernia for which he was operated on by Dr. Emile Bloch on May 19, 1929, and discharged as cured on July 22, 1929; that on December 24, 1931, plaintiff was injured by the sudden lurching of a truck which was heavily loaded with staves, complaining at the time that "something broke loose in me"; that on January 4, 1932, he was sent by the representative of the compensation insurance company to Dr. Emile Bloch for treatment; that on January 19, 1932, Dr. Bloch operated upon the plaintiff for a recurrence of right inguinal hernia; that on February 1, 1932, the plaintiff was permitted to go home; that on February 11, 1932, the hernia wound area was hard and indurated; that on February 26, 1932 a hydrocele, i. e., collection of blood around the right testicle, was noted; that the affected part was aspirated and sixty cubic centimeters of fluid was withdrawn; that on March 5, 1932, he was operated upon for the hydrocele, which required an incision in the scrotum; that on April 15, 1932, he was discharged as cured with instructions "to be careful not to put too much strain on that part"; that on December 20, 1932, Dr. Bloch re-examined plaintiff and found a varicocele, commonly called varicose veins or enlargement of the veins in the spermatic cord, i. e., the cord which runs from the external inguinal ring located in the lower part of the abdomen to the upper pole of the testicle; and that up to the time of the trial plaintiff had not worked.

The plaintiff testified that there was swelling in the lower part of his body which pained him especially when attempting to walk, and that he was not able to perform any laborious work.

Drs. Julian H. Lombard and John Redding, testifying for the plaintiff, stated that they examined him about eleven times between the dates of June 22, 1932, and April 4, 1933, the trial being on April 11, 1933, and found that the man had a right varicocele which had followed the hernia operation; that there was a swelling of the right cord which goes down into the testicle; that this condition was a complication resulting from the hernia operation, and occurs in 8 or 10 per cent. of all hernia operations through no fault of the surgeon, being a hazard contingent on that kind of operation; and that, due to the fact that the man was engaged as a laborer to handle staves, they were of the opinion that he was totally disabled, but that he would in time with proper treatment and rest recover.

Dr. Emile Bloch, who treated the plaintiff, and Dr. Edward A. Ficklen, witnesses for the defendant, practically found the same physical conditions as the two doctors who testified in plaintiff's behalf, but were of the opinion that his affliction was not serious

*Rehearing denied February 26, 1934.

enough to incapacitate him and that he could work.

We find nothing in the record which would warrant us in saying that the opinion of our learned brother below is manifestly erroneous in accepting the medical testimony offered by the plaintiff rather than that introduced by the defendant. The fact that there is unquestionably swelling and enlargement of the spermatic cord attended with varicose veins would indicate that the plaintiff is totally disabled, since the trouble is located in a very delicate and sensitive area. It must also be borne in mind that the plaintiff is a common laborer and must vigorously exert himself physically in the performance of the services which he is required to render. He said that he was unable to work without severe pain, and the trial judge who had the benefit of hearing and seeing him on the witness stand apparently was impressed with his truthfulness.

■ We conclude that the evidence justifies the conclusion of the trial court that the plaintiff is totally disabled to do work of any reasonable character, but it is our opinion that the evidence shows that he is suffering from a temporary total disability and not a permanent total disability and, consequently, he is entitled to receive compensation for a period not exceeding 300 weeks and not 400 weeks which was allowed. Quattlebaum v. Texas Pipe Line Co., 4 La. App. 406; Yelverton v. La. Central Lumber Co. et al., 19 La. App. 21, 138 So. 684; Price v. Gilliland Oil Co., 3 La. App. 175.

With reference to the second point, plaintiff's evidence tends to show that he worked for wages at the rate of $.50 per hour for eight hours a day, six days a week, making a total of $24 per week, and that he had been paid compensation for sixteen weeks one day at the rate of $16.60 per week which represented 65 per cent. of $24, or a total of $251.83.

■■ The argument of the defendant that the compensation is incorrectly computed is twofold: First, that the plaintiff for a period of 56 weeks earned $656.20, or an average of $11.72 a week, and that therefore the plaintiff would be entitled to receive 65 per cent. of $11.72 as compensation; and, second, in the event the first contention is erroneous, that, as the plaintiff was unloading staves with four other laborers on the day that he was injured and the four of them received $12, of which the plaintiff's pro rata was $3, his daily rate of pay was $3 per day, or $18 per week, of which he would be entitled to receive as compensation 65 per cent., or $11.70.

The first contention is without merit because we have said in other cases that the term "wages" as used in the compensation statute means the daily rate of pay at which the injured employee was paid at the time of the injury. Chatman v. Compania De Navegacao Lloyd Brasileiro, 19 La. App. 616, 140 So. 141; Rylander v. T. Smith & Sons, Inc. (La. App.) 145 So. 64; Menzel v. Southern Stevedoring Co., 7 La. App. 703; King v. American Tank & Equipment Corporation (La. App.) 144 So. 283; Russo v. Southern Kraft Corporation (La. App.) 144 So. 764; Schneider's Workmen's Compensation Laws, page 435.

The final contention is likewise erroneous because the bookkeeper of the defendant, in giving the statement that the plaintiff only earned $3. a day on the day he was injured, added, "they did not work all day, Judge." The fact that the plaintiff testified that he was earning $.50 an hour, working eight hours a day for six days in the week, and the further fact that the defendant computed the compensation on that basis and paid it to the plaintiff for sixteen weeks and one day, convinces us that the trial judge correctly figured the compensation.

It is conceded that the defendant is entitled to a credit of sixteen weeks and one day at the rate of $15.60 per week, or a total of $251.83, instead of fifteen weeks at $15.60 per week, or a total of $234.

For the reasons assigned, the judgment appealed from is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Allen Preston, and against the defendants, Ramoneda Bros., a commercial partnership composed of James, Joseph, and Vincent Ramoneda, and the said James, Joseph, and Vincent Ramoneda, in solido, condemning them to pay unto the said plaintiff compensation at the rate of $15.60 per week for a period not to exceed 300 weeks, subject to a credit of $251.83, representing compensation for sixteen weeks one day at the rate of $15.60 per week, with legal interest from due date of each delinquent installment until paid; defendants-appellants to pay all costs of court.

Amended and affirmed.