**REYNOLDS v. FORCUM–JAMES CO.**

No. 15079.

Court of Appeal of Louisiana. Orleans.
June 24, 1935.

Finnorn & Todd, Robt. B. Todd, and Cameron C. McCann, all of New Orleans, for appellant.

Jno. E. Fleury, of Gretna, for appellee.

**WESTERFIELD, Judge.**

Plaintiff, Bennie Reynolds, a negro laborer, was injured in the course of his employment at Sun, La., on June 4, 1932. He brought this suit under the Workmen's Compensation Law, claiming 300 weeks' compensation at the rate of $13.65 per week, subject to a credit of $197.78, the amount of compensation paid him by his employer.

Defendant answered admitting the injury to plaintiff and its liability for weekly payments for disability caused, but averred that the proper amount due plaintiff was not $10.50 per week, as alleged, but $6.82, which amount it averred it had regularly paid to him from the date of injury until the disability ceased, excepting three weeks' payments aggregating $20.46, which plaintiff declined to accept and which was deposited in the registry of the court. There was judgment below awarding plaintiff four weeks' compensation at the rate of $6.82 per week, or $27.28. From this judgment plaintiff appealed.

While the case was pending in this court, plaintiff's counsel filed a motion to remand in which it was alleged that a petition to review and reform the judgment had been filed in the trial court on the ground that the incapacity of the plaintiff had increased since the judgment. Section 20, Act No. 85 of 1926, p. 123. The motion to remand was overruled for the reasons stated by us in our opinion handed down January 21, 1935 (158 So. 606).

Plaintiff was injured by the explosion of a gasoline pump which he was operating. The explosion ignited the gasoline, and some of it got into a rubber boot which he was wearing at the time, and burned the flesh of his right leg and foot. He was treated by Dr. Menendez, who at that time was the surgeon employed by the Union Indemnity Company, the insurance carrier of defendant. Dr. Menendez testified that Reynolds was severely burned, but that after about six months' treatment, which consisted in the usual medicinal applications and multiple skin graftings, he completely recovered from his wounds and was discharged by him as entirely well and able to return to work on December 5, 1932; that on December 10, 1932, plaintiff returned to his office "with several small ulcerated areas in the region of the right ankle" and that he was again placed under treatment and "two small skin-grafts were performed"; that the ulcerated areas healed and he was again discharged as able to return to work on January 23, 1933; that Reynolds came back to him again on March 1, 1934, complaining of pain, but this time he could find no evidence of any further trouble with plaintiff's leg.

Dr. Theodore Simon, who specializes in orthopedic surgery, and Dr. C. G. Battalora corroborated Dr. Menendez' testimony.

Dr. Mallowitz and Dr. Maurer, plaintiff's experts, positively and unequivocally disagreed with Doctors Menendez, Simon, and Battalora, who testified for defendant, and both of these gentlemen expressed the unqualified opinion that Reynolds, at the time of the trial, was totally incapacitated, and declined to modify their opinion when informed that the plaintiff had walked on his injured leg from Slidell to Bogalusa, La., and back, a distance which the record shows to be sixty miles, explaining that in their opinion no conclusion could be drawn from the long walk, which, it was proven, had been made very slowly, unless the condition of plaintiff's leg after the journey could be ascertained. One of the doctors who testified for plaintiff, Dr. Maurer, was an assistant of Dr. Simon, who was the head of the department of orthopedic surgery of the Louisiana State University medical department, acknowledged the excellent professional standing of his chief and of the other doctors who agreed with him, but stoutly maintained his opinion to the effect that they were mistaken in their findings.

We mention this circumstance as showing the sharp conflict in the testimony of the medical experts and as indicating that we cannot confidently rely upon either of the conflicting opinions expressed, notwithstanding the numerical advantage of defendant's witnesses. However, the case turns upon the physical condition of plaintiff as affecting his ability to work and the solution of this question must be sought in the opinion of medical experts. We accept the preponderant view, particularly since there is nothing to indicate that invidious distinctions concerning individuals should be indulged, taking comfort in the thought that, if we are led into error, it can be corrected

in the proceeding for a reformation of the judgment now pending before the trial court.

▇ Upon the question of the amount of compensation due plaintiff, we find that Bennie Reynolds was paid 17½ cents an hour for a 10-hour day, or $1.75 per day; that he sometimes worked at night and received similar compensation for the night work. But his daily rate of pay was $1.75, or $10.50 per week, and, under the compensation law, he is entitled to receive 65 per cent. of that amount, or $6.82 per week. Act No. 20 of 1914, § 8, subd. 3, as amended by Act No. 216 of 1924 (page 114); Rylander v. T. Smith & Sons, Inc. (La. App.) 145 So. 64; Id., 177 La. 716, 149 So. 434; Preston v. Ramoneda Bros. (La. App.) 152 So. 81.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.