RAMÓN MONTANER, ETC., Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Appellee, and FRUCTUOSO SERRANO, Petitioner before Commission.

No. 10. Argued May 17, 1937.—Decided July 16, 1937.

*B. Fernández García, Attorney General, Emilio de Aldrey* and *Luis Negrón Fernández* for appellant. *M. León Parra* for appellee. *Hartzell Kelley & Hartzell* for the employer, intervenor. The workman appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Workman Fructuoso Serrano appeared before the Industrial Commission of Puerto Rico alleging that on September 24, 1936, while working on the dock of his employer The New York & P.R. SS. Co., he suffered an injury on the little finger of his left hand, and complained that during the time that he was disabled for work, the manager of the State Fund paid his compensation on the basis of a six-day instead of a seven-day week.

On March 5, 1937 the Commission entered an order holding that workman Fructuoso Serrano was entitled to a weekly compensation of "one-half the wages he received on the day of the accident, during the seven days constituting a week, for the period of his disability for work, such compensation no exceeding ten dollars, in accordance with sub-division 2 of Section 3 of Act No. 45 of April 18, 1935."

On March 12 the manager moved for a reconsideration of the said decision, which was denied on the 17th of the same month, and thereupon he filed a petition for review before this Court.

█ Sud-division 2 of Section 3 of Act No. 45 of April 18, 1935 (Laws of 1935, vol. 1, p. 250) provides for the payment of compensation for temporary or transitory disability as follows:

"Temporary Disability.—2.—If the disability is of a temporary or transitory nature, to compensation equal to one-half of the wages which he received or, but for such accident, would have received on the day of the accident, during such times as he is disabled for work, payable at the end of each week. The period of such payment shall in no case exceed one hundred and four (104) weeks; Provided, That in no case shall such payments exceed ten (10) dollars or be less than one and one-half (1½) dollars a week; Provided, further, That no compensation shall be allowed for the first seven (7) days following the date on which the workman or employee presents himself to the physician for treatment."

In order to regulate the payment of such compensation beginning on August 10, 1936, the manager of the State Fund addressed the following order to his subordinates, the heads of the claims, medical and accounting divisions:

"Compensation for temporary partial disability, that is, per diems, as well as compensation for permanent partial and total disability which is based on the period of disability for work shall be computed and allowed on the basis of the six working days of a week, except in cases in which there is an express agreement to work seven days a week and it is evident that the injured workman was disabled for work during such time."

18

The original record sent up shows that on September 24, 1936, Fructuoso Serrano was earning a wage of thirty cents per hour which, multiplied by eight hours of work, amounted to $2.40 a day. Pursuant to the provisions made by the manager in the order cited, Serrano received a weekly compensation of $7.20 during the period of his disability, that is, one-half the daily wage he received on the day of the accident, on the basis of a six-day week. But he claims that he was entitled to compensation for the seven days of the week because his case comes within the exception stated in the manager's order, since the shipping companies and Maritime Union No. 1 of San Juan, of which he is a member, have a collective contract, a printed copy of which was admitted in evidence by the Commission, which binds him to work during the seven days of the week, or to be ready to work if he should be called. He claims, therefore, the compensation he failed to receive, to wit, the difference between $8.40—the weekly amount which he claims he was entitled to receive—and $7.20—the amount he received weekly—for the number of weeks he was disabled. The appellant contends that in thus deciding the case the Commission committed the following errors:

"*First.*—The Industrial Commision erred in considering and invalidating the general rule made by the Manager of the State Fund as to the manner of computing compensation for temporary disability (*per diems*), inasmuch as the said rule was at no time attacked by the appellants, but on the contrary confirmed by them in alleging that they were covered by the exception which the said rule makes in cases in which a workman works seven days a week. The order should have been limited to deciding the question raised by the appellants, which constituted the issue of the case, as it appears from the pleadings of both parties.

"*Second.*—Without waiving the question raised in the first assignment, and assuming (although this is denied) that the Commission acted within its jurisdiction in rendering the said decision, the latter is erroneous and contrary to law insofar as it refers and relates to the pronouncement that all weekly compensation for temporary total

disability (*per diems*) must be computed on the basis of the seven days comprising a natural week, since the said compensation should be computed, in accordance with the law, on the basis of the period of disability for work, for which reason the unit for such computation should be the working-week, which consists of six working days, and not the natural week.

"*Third.*—The Commission erred in deciding that Fructuoso Serrano is entitled to receive compensation (*per diems*) on the basis of a seven-day week, because the said workman is not actually working seven days a week and is therefore not covered by the exception established by the manager in his rule; and the Collective Contract between the 'Dockworkers Union' and the employer cannot have such effect."

The Industrial Commission of Puerto Rico decided the case correctly, but the grounds for its decision are erroneous and contrary to law and Jurisprudence. For this reason we believe it our duty to discuss the errors assigned and to decide them in such a manner as to definitely settle the construction which should be given to the statute.

The Commission says that, in its judgment, "a contract between the workman and the employer providing that the workman must work seven days a week is not necessary for the workman to be entitled to receive a weekly compensation of one-half the wage he received on the day of the accident and during the period of his disability for work for the seven days of the natural week. We are of the opinion that if the workman works two or three days in a week and is disabled for work as the result of an accident, he is entitled to receive, during the seven days which constitute a week, one-half of the daily wage he received on the day of the accident." The Commission bases its construction of the statute on the following argument:

"*First.*—Since the legislator did not define the word 'week' it should be assumed that he wished to give it the meaning given by the Dictionary of the Spanish Language of the Royal Academy (fifteenth edition), to wit: 'A series of seven consecutive natural days, beginning on Sunday and ending on Saturday.'

*"Second.*—That sub-division 2 of Section 3 itself provides that the workman shall be entitled to compensation 'during such times as he is disabled for work.'

*"Third.*—That sub-division 2 of Section 3 of the Act fixes the waiting period at seven days, thus: '. . . *Provided, further* That no compensation shall be allowed for the first seven (7) days following the date on which the workman or employee presents himself to the physician for treatment.'

*"Fourth.*—That it is equitable that the workman receive compensation for seven days, because this 'covers not only the rights of action corresponding to the injured workman, but also his suffering and loss of salary,' and this suffering 'cannot be limited to six days of the week for the purposes of compensation, simply because he worked only six days of the week'."

Let us examine the provisions of the law which the Commission has taken as an index of the legislative intention. As to the first, it could be admitted for the purposes of this argument, without deciding it, that the word "week", used in the phrase "payable at the end of each week," means, "a series of seven consecutive days . . . " etc. The only light shed by this would be in relation to a phrase which provides *when* payment of compensation should be made and not during *how many* days of the week the workman is entitled to receive it. In other words, every seven days the workman may receive the compensation referred to in the act, computed on the basis of a six-day week. Even accepting the definition of the word "week" given in the dictionary, we do not find that there exists any such relation between the number of compensable days and the time of payment as to lead us to conclude that because payment is made every seven days it must be made for an equal number of days. (*Rylander* v. *T. Smith & Son, Inc.,* 149 So. 434.) The solution must be sought in the phrase" . . . to compensation equal to one-half of the wages which he received . . . . on the day of the accident, during such times as he is disabled for work," and not in the one suggested by the Commission, which has no bearing on the controversy as raised.

The last part of the said phrase was considered by the Commission as interpretative of the number of compensable days, but instead of leading it to fix the number of the same at six, it led it to decide, mistakenly in our opinion, that even in the absence of an agreement to work seven days, the workman is entitled to compensation during seven days of the week in case of disability of a temporary or transitory nature. Let us see why this construction is mistaken. Of the seven days constituting a week only six are working days. Nevertheless, and as an exception, there are industries in which work is also done on Sundays. When the workman suffers a disability of a temporary or transitory nature, he is entitled to compensation equal to one-half of the wages he received or, but for such accident, would have received on the day of the accident, during such time as he is disabled for work. "To compensate" (*compensar*) means primarily, according to the dictionary of the Spanish Academy, sixteenth edition, "To equalize in an opposite sense the effect of one thing with that of another." Its secondary meaning is "To give something or some benefit in reparation of damage, injury or annoyance which has been caused." If the disability occurs in an industry which keeps Sunday as a day of rest, the workman is disabled only six of the seven days of the week because he would not have been able to work on the seventh even if he had not been disabled. Under those circumstances, were he entitled to payment during seven days he would not be receiving reparation for any damage, injury or annoyance.

There are abundant cases to this effect. In the case of *King* v. *American Tank & Equipment Corporation*, 144 So. 283, 289, the Court of Appeals of Louisiana (Second Circuit), expressed itself as follows:

"An employee who is accidentally hurt, and whose case comes under the provisions of the Louisiana Compensation Act, is entitled to compensation based upon his daily wage, multiplied by six, the usual number of working days per week, whether he was employed

for a lesser number of days or not, and only in such cases as where he is employed actually and specifically for seven days a week is he entitled to more than six days a week."

Judge Ott, of the Court of Appeals of Louisiana, First Circuit, said in the opinion of the case of *Ogea* v. *Horace Williams Co.*, 165 So. 345, 347:

"Plaintiff was earning 40 cents per hour for an 8-hour day. In the absence of allegations and proof of a special contract of hiring, the normal basis of compensation for an injured employee is to be calculated on a 6-day week. *Rylander* v. *T. Smith & Son, Inc.*, 177 La. 716, 149 So. 434; *Calhoon* v. *Meridian Lumber Co., Inc.*, 180 La. 343, 156 So. 412. On this basis plaintiff would be entitled to compensation at the rate of 65 per cent of a weekly wage of $19.20, or $12.48 per week.

"Defendants contend that the compensation should be based on a 5-day week, as it appears from plaintiff's testimony that he was working only 5 days per week at the time of the injury; that he was then working under the NIRA Code, which has since been held unconstitutional. But the contention is made that the 5-days week should be made the basis of compensation regardless of the NIRA Code, for the reason that plaintiff testified that he was working only five days per week. However, as defendants do not set up in their answer any special terms of employment, the court is not at liberty to consider any other than the normal 6-day week. As the normal week is six days, any contract changing the number of working days in the week would be a special defense necessary to be set up by a special plea. The lower court correctly fixed the weekly compensation at $12.48."

In *Reynolds* v. *Forcum-James Co.*, 162 So. 211, the workman's compensation was computed on the basis of a six-day week.

"Defendant . . . averred that the proper amount due plaintiff was not $10.50 per week, as alleged, but $6.82. . .

"Upon the question of the amount of compensation due plaintiff, we find that Bennie Reynolds was paid 17½ cents an hour for a 10-hour day, or $1.75 per day; that he sometimes worked at night and received similar compensation for the night work. But his daily rate of pay was $1.75, or $10.50 per week, and, under the

compensation law, he is entitled to receive 65 per cent of that amount, or $6.82 per week. Act No. 20 of 1914, sec. 8, subd. 3, as amended by Act No. 216 of 1924 (page 114) ; *Rylander* v. *T. Smith & Sons, Inc.* (La. App.) 145 So. 64; Id., 177 La. 716, 149 So. 434; *Preston* v. *Ramoneda Bros.* (La App.) 152 So. 81.''

See also *Russo* v. *Southern Kraft Corp.*, (La. App.) 144 So. 764, and 71 Corpus Juris page 796, section 520, where it is said that:

''While the basis is generally a six-day week, even though the employee was employed for a shorter period, it may be a seven-day week where he is actually employed to work seven days.''

It should be observed that the Louisiana statute, as ours, bases the compensation to which the workman is entitled on the wages he received on the day of the accident. For this reason we have cited cases from that State in preference to others. But, as the appellant says, even in states whose statutes base the compensation of the average weekly wage, the latter is computed on the basis of a six-day week. See *Wood & Co. et al.* v. *Maxwell et al.*, (Oklahoma) 11 P (2d) 524.

The foregoing leads us to the conclusion that the workman's compensation is limited to the six working days of the week, except in cases in which there is an agreement to work seven. The rule of the manager of the State Fund conforms to the doctrine established by decisions in other states having statutes similar to ours, which decisions we believe should be followed in this jurisdiction because we find them sound and just. The commission should have respected the said rule and made it effective.

There is no obstacle in the fact that sub-division 2 of Section 3 of our Workman's Compensation Act fixes the waiting period at seven days. That provision is in no way indicative of the number of compensable days in a week. This period varies in the different statutes on the point, and

fluctuates between three days and three weeks. Schneider, "The Law of Workmen's Compensation," vol. 2, page 1330, sec. 399. Its purpose is to prevent unscrupulous workmen, on the pretext of an insignificant or imaginary injury, from obtaining vacations at half pay. Ibid., page 1331. As may be seen, it would be absurd to take such a provision as an index of the number of compensable days.

■ The commission believes that the suffering of a workman cannot be limited to six of the seven days of week, for which reason it would be just and equitable for him to receive compensation for all seven days in case of disability. Such reasoning is very humane, but we should not forget that the Workmen's Compensation Act does not base compensation on the suffering of the workman but on one-half the wages he received on the day of the accident, whether or not such compensation covers all the effects of the disability.

". . . . The workman's compensation statute is not a statute allowing the workman *damages* for injuries sustained in the course of his employment even through the negligence or fault of his employer. It is essentially insurance against the loss or diminution of earning capacity. . . . That earning capacity was first fixed, under the original act, as the 'average weekly wages' for the year preceding the injury; it is now fixed, by the amending acts, at 'the daily rate of pay . . . . at the time of the injury.'" *Rylander* v. *T. Smith & Son, Inc.,* 149 So. 434.

■■ The third error raises two questions: 1, whether or not Fructuoso Serrano actually worked seven days a week; and 2, whether or not the collective agreement between the Dockworkers' Union and the steamship companies can have such an effect. The first is a question of fact which we are not authorized to review in this proceeding and must therefore be dismissed. The second leads us to a consideration of the scope of the contract, a copy of which was offered and admitted in evidence.

The petitioner states that the said agreement "is not a contract for personal services but an agreement referring to

and regulating the scale of wages for services to be rendered, plus certain general conditions pertaining to the work, the unit of service of which is the *hour* of work, without a fixed term for the duration of the work to be done." We believe it unnecessary to copy all of the clauses of the contract. It suffices to say that, in our opinion, if it does not by its terms bind the workmen who are members of Maritime Union No. 1 to work seven days of the week, it at least requires them to be prepared to work, which is all that is required by the law and the cases applicable.

The appellant himself seems to doubt the merits of his contention in saying in the petition that:

"That is why if the Commission had limited its decision to the point in controversy with respect to dock workers, we would not be arguing before this Honorable Court that an unjust charge has been improperly imposed upon the State Fund, since in that event the controversy would have been limited to an interpretation of the law in the light of the special circumstances in which the dock workers work."

For the reasons stated in this opinion, the order appealed from must be affirmed only with respect to the dispositive part which decided "that workman Fructuoso Serrano is entitled to receive a weekly compensation of one-half the wages he received on the day of the accident, during the seven days constituting a week, for the period of his disability for work, such weekly compensation not exceeding ten dollars, in accordance with sub-division 2 of Section 3 of Act No. 45 of April 18, 1935." The remainder of the order is vacated and set aside because it conflicts with the construction which we have given to the statute.

Mr. Justice Córdova Dávila took no part in the decision of this case.