No. 8832.
Orleans Appeal.

---

JOHN J. EMBERT v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, Appellant.

(April 27, 1925, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Insurance—Par. 96. Where a policy, forfeited for non-payment of the premium, provides that before it can be revived, arrears of premiums must be paid and "satisfactory evidence of insurability" must be furnished and that, in any event, "such revival shall not take effect unless at the date thereof the member is living and in sound health", the failure to furnish such satisfactory evidence and the fact that the insured applying for reinstatement was not in good health, is sufficient to prevent automatic revival of the policy by estoppel upon payment of the arrears of the premiums without action by the insurer for a period of ten days.

Appeal from Civil District Court, Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is a suit to recover the amount of a life insurance policy.

Judgment for plaintiff. Defendant appeals.

Judgment amended and affirmed.

J. C. Hollingsworth, John O. Streck, E. W. Puneky, attorneys for plaintiff and appellee.

Sol. Weiss, attorney for defendant and appellant.

WESTERFIELD, J. This is a suit for

$500.00, the principal amount of a certain policy of life insurance issued by the fraternal order known as "The Sovereign Camp Woodmen of the World, Omaha, Nebraska", and styled "Universal Camp Certificate". The plaintiff, the beneficiary named in the policy, was the husband of the assured, Mary F. Embert. The defendant fraternal order resists payment upon the ground that the policy had lapsed before the death of the assured and under its terms and rights of the beneficiary had forfeited.

From a judgment for plaintiff as prayed for, defendant appeals.

Mrs. Embert died in the City of New Orleans on June 24, 1920. On June 14, 1920, or ten days before her death, she paid a collector called a "deputy" the sum of $2.52. This amount was equal to three monthly premiums of 84 cents each, the policy stipulating this amount of premium and calling for monthly payments in advance. The question presented is the effect of this payment.

The assured was in arrears some three months when the payment was made. The policy contains the following provisions:

"This certificate is granted in consideration of the monthly premium hereinbefore stated in the schedule and of the payment of a like amount on or before the first day of each consecutive month thereafter during the continuance of this contract, and the further consideration of the delivery of this certificate during the lifetime and good health of the member.

"All premiums are payable at the Home Office of the Society, but may be paid to an authorized representative of the Society; such payments to be recognized by the Society must be entered at the time of payment in the premium receipt book belonging with this certificate. If for any reason the premium be not called for when due, by the authorized representative of the Society, it shall be the duty of the member before said premium shall be in arrears thirty days, to bring or send said premium to the Home Office of the Society or to one of its local representatives. If the premiums are not paid as herein specified, this contract shall become null and void."

"REVIVAL—Should this certificate become void for non-payment of premium, it will be revived within one year from the date to which premiums have been duly paid upon payment of all arrears, provided satisfactory evidence of the insurability of the member be furnished to the Sovereign Commander; but such revival shall not take effect unless at the date thereof the member is living and in sound health."

The premium Receipt Book to which reference is made in the policy, contains the following:

"Certificates on which the premiums are unpaid for thirty days or more are forfeited. Money paid to collectors after that time will not be credited on the forfeited certificate by the Society, but the certificate may be renewed subject to the rules of the Society, full particulars regarding which may be obtained from any deputy or at the Branch Office."

When the $2.52 was paid, the collector issued the following receipt:

"Woodmen of the World
Omaha, Neb.
No. 20328.              June 14, 1920.
Received from Mrs. Mary Ermbert $2.52 being in arrears on Certificate No.............. which the applicant desires the Society to revive.
UNDER NO CIRCUMSTANCES will the Society be liable under said certificate until the certificate has been revived on the book of the Society and the money credited in the Premium Receipt Book belonging to said Certificate.
(Sgd.)   H. C. Bushy,
Deputy."

Plaintiff contends that the acceptance of the three months' arrears constituted a waiver of the forfeiture clause and cites a number of authorities to this effect. If the acceptance had been unconditional, these authorities would have been opposite, but it was conditioned upon satisfactory evidence of insurability being furnished the Sovereign Commander and conditioned further that at the date of revival the member is in good health.

No evidence of insurability was furnished and as a matter of fact, Mrs. Embert at

the time she applied for reinstatement, was not in good health. Plaintiff says she was only suffering the usual concomitants of pregnancy, and, in fact, the cause of death is given as "edamsia of pregnancy", but it appears· that the pregnancy of plaintiff's wife was far from normal. She was unable to move about without being placed in a chair and transported in that manner and was only four months advanced at the time of her death following an operation at the Touro Infirmary.

The payment of the arrears was only accepted as meeting one of the conditions requisite for consideration of an application for reinstatement. It would only be accepted as payment of the premium when and if other prerequisites were met. The policy plainly contemplated a medical examination of some sort. If an unreasonable time had elapsed without action on the part of defendant upon the application for revival or if other premiums had been accepted in the interim, there might be some basis for counsel's contention. But the assured died within ten days of her application. This was not an unreasonable time for consideration and such investigation as defendant deemed proper. It is argued that the collector knew and the District· Manager of defendant knew that Mrs. Embert was pregnant at the time her application was received and that the knowledge of these employees must be imputed to defendant. Even so the knowledge of an unusual but normal condition of a woman member is not knowledge of physical maladies complicating such condition to the extent of endangering her life. Moreover, no layman can by looking at a pregnant woman determine whether her experience is normal or otherwise. In any event, the policy demanded satisfactory proof of insurability and it was not supplied. Courts will not enforce reinstatement unless the reasonable requirements of the policy are met. Cooley's Briefs on Insurance, Vol. III, page 2399.

The policy was forfeited under its terms and Mrs. Embert recognized that fact by signing a request for revival. It could not be renewed except under the conditions mentioned in ·the policy unless there was a waiver of these conditions by the defendant. We do not find evidence of such waiver. The conditions of the policy were not complied with, indeed could not be complied with at the time of plaintiff's application since she was stricken with a fatal illness.

The $2.52 paid defendant was not returned nor deposited in court nor tender made plaintiff nor is there any evidence of plaintiff having refused to accept it.

The judgment appealed from must, for the reasons herein assigned, be amended by reducing the amount awarded plaintiff to two dollars and fifty-two cents and, as thus amended, it is affirmed, plaintiff to pay costs of appeal and the costs of the lower court to be paid by defendant.