No.——

First Circuit

JONES v. FIRST NATIONAL L. H. & A. INS. CO.

(June 12, 1928.   Opinion and Decree.)

*(Syllabus by the Editor.)*

1.  **Louisiana Digest—Insurance—Par. 106.**
Even though insurance policy had lapsed, where the company accepts premiums and did not cancel the policy, the defendant cannot refuse to pay the beneficiary because it cannot accept the benefits through collection of premiums and refuse to pay the beneficiary.

2.  **Louisiana Digest—Insurance—Par. 106, 174.**
Where there is no evidence to sustain any charge of fraud practiced either by the deceased, his beneficiary or by the collector, the fact that company accepted premiums will estop it from claiming that policy had lapsed.

Appeal from the Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by Bella Jones against First National L. H. & A. Insurance Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Taylor and Parker, of Baton Rouge, attorneys for plaintiff, appellee.

Chas. A. Holcomb, of Baton Rouge, attorney for defendant, appellant.

LECHE, J.  Defendant appeals from a judgment rendered against it for two hundred sixteen and 60/100 dollars, in favor of plaintiff as beneficiary of a life insurance policy.  The defense is that at the time the last premium was paid, the insurance policy had lapsed, and that under the terms of the policy the collector who collected the last premium had no authority to accept such payment.

The deceased, Auston Lewis, bought two life, health and accident insurance policies from defendant on December 17, 1923, on which he was to pay in advance a weekly premium of fifty cents.  The defendant accepted premiums on the two policies up to July 12, 1926, on which date Auston Lewis died unexpectedly at a sanitarium in the City of Baton Rouge.

The last premium was paid on July 12, 1926, about ten or eleven o'clock and Auston Lewis died about one o'clock in the afternoon of the same day.  At that time there were five premiums due on the policy, and the amount thereof, two and 50/100 dollars, was paid to the regular collector of the Insurance Company who accepted the premiums and receipted for the same. As we read and understand the collector's receipt card, this payment covered the premiums due on the policy up to July 19, 1926.  The first column of the premium receipt card is headed with the printed words "date when due."  It is not denied that premiums were due one week in advance and the date opposite the collector's signature is written July 12, so that if the premium was due July 12, it was for the week following, and ending July 19.

One of the conditions of the policy is that "should the insured die when the premium payments on this policy are four Mondays or more in arrears, this Company shall not be liable for any sum under this policy, etc. * * *."

It then follows, if we are right in reading and construing the written words on the premium receipt card, that the deceased still had the whole day, Monday, July 12, in which to pay the premium due and that the payment was made in due time.

There is no evidence to sustain any charge of fraud practiced either by the deceased, his beneficiary or by the collector as against the defendant.

But there is still another reason why the defense in this case should not be sustained.  For, admitting that the policy, under the above cited condition, had lapsed, the effect of receiving the premium and receipting for the same by defendant's collector and agent, amounted to a reinstatement of the policy.  The premium receipt card shows that on previous occasions, especially from December, 1925, to January, 1926, more than four weeks elapsed between payments made by deceased on his policies, and yet the policies remained uncancelled and defendant continued to accept the payment of premiums thereunder. It is inconsistent on the part of defendant to approve the unauthorized acts of its collector when these acts redound to its benefit and to repudiate them when they enure to the advantage of the policy

holder. It has, by its own conduct, estopped itself from making this defense.

We believe that the judgment of the District Court is correct, and that it should be affirmed, and it is so ordered.