BROWN v. PEOPLES INDUSTRIAL LIFE INS. CO.

(February 2, 1931. Opinion and Decree.)
(February 16, 1931. Rehearing Refused.)

Chas. J. Mundy, of New Orleans, attorney for plaintiff, appellant.

Frank S. Normann, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff was named beneficiary in a policy of industrial life insurance issued by defendant company on the life of William King.

A certain William King died in the Charity Hospital in New Orleans on April 4, 1928, in which institution he had been placed on April 2, 1928, suffering from diseases of infinite variety, which were later catalogued as follows: "Broncho-Pneumonia Chr. Myocarditis & Nephritis-Auricular Fibrillation Arterio-Sclerosis-Syphilis."

Defendant insurance company refused to pay to the beneficiary the proceeds of the policy ($265), and this suit resulted.

Defendant resists payment on the following grounds:

First, that the identity of the beneficiary has not been sufficiently established.

Second, that the identity of the deceased has not been made certain.

Third, that no proper proof of death has been submitted in accordance with the policy requirements.

Fourth, that prior to the death of the said King the policy had lapsed because of non-payment of premium for four consecutive weeks.

Fifth, that, when the overdue premiums were finally paid, they were accepted by defendant's collector subject to the right of the company to refuse to reinstate the policy, and that at that time the insured was already in the hospital, suffering from ailments as a result of which he died two days later, and that the policy was never reinstated.

The defenses that the identities of the claimant and of the insured have not been established and that no proper proof of death has been submitted have, apparently, been abandoned, and defendant now pitches its entire defense on the contentions that, at the time of the death, no reinstatement

of the policy had been effected, and that, when the overdue payments were made, they were accepted conditionally and without knowledge of the fact that the insured was in a dying condition.

Plaintiff concedes that, prior to the death of King, the insured, the premiums had been seven weeks in arrears, and also that, under the terms of the policy, failure to pay installments for four consecutive weeks effects a lapse thereof, and also that, after such a lapse, the policy provides that reinstatement may be effected only by presenting the policy to the company for affirmative action and for placing thereon a stamp showing that reinstatement has been agreed to. But plaintiff contends that these policy conditions have been waived because of the alleged fact that on certain prior occasions the company accepted payment and permitted reinstatement without such affirmative action and without the placing on the policy of the stamp.

The trial court rendered judgment dismissing plaintiff's suit.

The law with reference to waiver by an insurance company of its right to insis that reinstatement shall not be effected, except by affirmative action on its part, has been discussed by us on several occasions, notably in Bush v. Liberty Industrial Life Ins. Co., 130 So. 839, in which case we held that a company of this kind may establish a custom which will lead an insured or a beneficiary to believe that the strict requirements of the policy will not be insisted upon. We believe, however, that the principle announced in the Bush case is not applicable to the situation which confronts us here because the evidence shows that in the instant case no custom such as is contended for by the plaintiff was established. It is true that apparently on one prior occasion the company had accepted premiums after a lapse. But, even if it be conceded that to accept premiums on one occasion without requiring formal compliance with the policy requirements establishes a custom, nevertheless we feel that even though the premiums were accepted in the instance now under consideration, the evidence establishes that the beneficiary who made the payments was told that they were accepted subject to the company's right to refuse reinstatement. Thus the situation presented rather resembles that which this court had before it in the matter of Embert v. Sovereign Camp, Woodmen of the World, 2 La. App. 140, in which case we held that, where the overdue premium was received after the policy had lapsed, it did not effect a reinstatement of the policy because it was accepted tentatively and on condition that the company should have the right to refuse reinstatement.

A reading of the evidence in this case makes possible no other conclusion than that this policy had lapsed, and that, after the insured was attacked by the disease which proved fatal, payments of the premiums were tendered, without any statement showing that the insured was at that time in anything but good physical condition. The premiums were received after the insured entered the hospital, practically in a dying condition. The insurance company had no knowledge of his condition and did not affirmatively or finally agree to reinstatement and had not established a custom of reinstatement by mere acceptance of premiums.

The judgment appealed from is affirmed.

WESTERFIELD, J., takes no part.

HUGH C. CAGE, Judge of Civil District Court, Parish of Orleans, and Judge ad hoc, participating.