No. 13,793

JOHNSON v. SOUTHERN LIFE & HEALTH INS. CO.

(January 25, 1932.   Opinion and Decree.)

Edward S. Spiro, of New Orleans, attorney for plaintiff, appellee.

Solomon S. Goldman, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit by a widow, as beneficiary, to recover the sum of $108, the face value of an industrial life insurance policy issued by the defendant on the life of her husband on August 8, 1927.

The defendant admits that it is a corporation organized and existing under the laws of the state of Alabama and that it is engaged in the industrial life insurance business in the state of Louisiana; that it issued the policy in question, but denies liability on the ground that the policy had lapsed for non-payment of several weekly premiums due prior to June 2, 1930; that on that date the insured applied to the company to have the policy reinstated and deposited the sum of $1.40, covering four weekly premiums, which was to be held as a deposit pending the company's action on the question of reinstatement of the policy; that before the application could be sent to the home office in Birmingham, Alabama, the assured died on June 10, 1930, and therefore the beneficiary was not entitled to recover, as the policy had lapsed. Defendant also specially pleaded the following clause:

"This policy, having lapsed as herein provided, may, upon written application of the insured, accompanied by proof of good health and payment in full of arrears, be reinstated by the Company at its option, but only by endorsement of such reinstatement on the Policy itself, provided that no liability will be assumed by the Company prior to such endorsement on the policy, and provided further the Company will not be liable by reason of such reinstatement for any benefits for sickness commencing or accident occurring during the period of arrears, or for death caused by or resulting from any such sickness or accident."

There was judgment in favor of the plaintiff in the sum of $108 and defendant has appealed.

Plaintiff makes the following contentions:

First, that on June 2, 1930, when the agent and the assistant manager and the inspector of the company called upon her husband at his home they stated that the policy would be immediately reinstated upon the payment of $1.40, representing four weekly premiums.

Second, that the defendant is estopped from invoking the clauses in question of the policy as a defense, because these provisions were waived by the defendant's previous conduct in accepting premiums when the policy had lapsed, without requiring that these clauses of the policy be complied with.

Third, that the approval by the New Orleans office of the application for reinstatement and the retention of the insured's deposit of $1.40 for eight days by the company should be construed as an affirmative acceptance of the money to cover the premiums due on the policy and that the company, through its officers, was guilty of laches, which estops it from denying the reinstatement of the policy.

Taking up these issues in the reverse order, we find that the record shows that the policy had lapsed for several months on account of the non-payment of premiums. The company had given its officers and agents the privilege of reviving policies which had lapsed upon the payment of four weekly premiums, if the insured was in good health at the time. Mr. Simpson, the agent who collected the premiums, requested Mr. Monvoisin, the assistant manager and inspector of the company, to accompany him to the home of the insured for the purpose of soliciting an application for the revival of the policy. The insured and his wife at first objected to consider-

ing the offer of reviving the policy, but finally, acting upon the advice of the company's representatives, deposited $1.40 with them, for which the following receipt was issued:

"This deposit is made and this receipt issued subject to all the terms of the policy and contingent upon all applicants being in sound health. If applicants are accepted and policies issued or revived, as the case may be, and delivered to the insured, this deposit will be applied towards payment of premiums and/or arrears thereon. If application is rejected or revival refused, the said deposit will be returned."

The two representatives of the company testified that, after observing the deceased and believing him to be in sound health, they sought to have him apply for the revival of the policy; that no further medical examination was contemplated, or was necessary under the company's express instructions; that it was unnecessary to surrender the policy in order to have the approval of the company stamped upon it, the company having waived that requirement; that neither Mr. Simpson, nor Mr. Monvoisin, nor any other officer of the company had sent the application for reinstatement of the policy to his home office from the time the application was filed on June 2, 1930, until the date of the insured's death, June 10, 1930; that the application had been accepted and approved by the New Orleans office, and that nothing further was necessary to revive the policy, except the pro forma approval of the home office; that from the time they solicited the application for the revival of the policy and the deposit of $1.40 from the insured, no further communications were sent to either the insured or the beneficiary as to whether the home office had accepted or rejected the application for revival.

Now, since the defendant's witnesses admit that the deposit was retained by the company and the application remained in the New Orleans office for eight days after its acceptance and approval by the representatives in New Orleans, and that the only thing lacking for the final consummation of reinstatement was the formal approval of the company, the narrow issue is whether or not eight days was a sufficient period of time within which to have forwarded the application to the home office and to have received its reply.

As the receipt does not specify within what period of time the company would have accepted or rejected the application, the law implies that such action on its part would be taken within a reasonable time. The two representatives of the company testified that it was customary to hold these applications until the end of the week and to forward all of them at one time and that it required a period of eighteen or twenty days in order to send these papers to the home office and receive its reply. We are not impressed with this explanation and feel that the eight-day period was more than adequate within which to mail the application for reinstatement to Birmingham, Alabama, and receive the home office's reply, particularly since there was no medical examination required and there was nothing further to be done except the formal approval of the application by the home office. Under these circumstances we believe that the company was guilty of laches, which will be construed as an affirmative acceptance of the deposit to cover the premiums due on the policy and the reinstatement of the policy by the company.

In view of our conclusion on this issue it is unnecessary to consider the other points raised.

For the reasons assigned the judgment appealed from is affirmed.