## RILEY v. LIFE & CASUALTY INS. CO. OF TENN.

### No. 14286.

Court of Appeal of Louisiana. Orleans.

Dec. 19, 1932.

H. R. Cabral, of New Orleans, for appellant.

William A. Green, of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit on an industrial insurance policy. Plaintiff claims eleven weeks' sick benefit at the rate of $5 per week, and asks that this amount be doubled and a reasonable attorney's fee added in accordance with the provisions of Act No. 310 of 1910, which authorizes such penalty when payment is arbitrarily delayed. Defendant avers that the plaintiff was more than two weeks in arrears in the payment of her premiums, and that consequently, under paragraph 5 of the conditions of the policy which stipulates "that the insured will not be entitled to sick or accident benefits when premium payments on this policy are in arrears two Mondays or more, and

that subsequent payment of such arrears shall not entitle the insured to benefits for sickness or disability contracted or occurring during the period of such arrears."

There was judgment below in favor of the plaintiff for eleven weeks at $5 per week, or $55, but no allowance of double indemnity or attorney's fees. Defendant has appealed, and plaintiff has answered the appeal asking that the judgment be increased to the amount originally prayed for and that the sum of $20 be allowed as an expert fee under the authority of Chatman v. Compania De Navegacao Lloyd Brasileiro, 19 La. App. 616, 140 So. 141.

The policy sued on, which is in evidence, provides for the payment of an endowment, or death benefit of $50, and a sick benefit of $5 per week upon consideration of a weekly premium of $.25, 80 per cent. of the premium, it is stipulated, being "for insurance against disability for sickness or accident" and the remaining 20 per cent. "for endowment insurance."

Plaintiff's counsel stoutly denies the delinquence of his client, and claims that the evidence in the record is to the contrary. But in our opinion it is immaterial because, if we accept the statement in defendant's answer to the effect that plaintiff was always in arrears as true, the result is the same. The policy sued on was issued May 16, 1927, and the illness, for which the indemnity sued for is claimed, occurred on December 9, 1931, so that, according to defendant, for a period of more than four years the plaintiff has been paying premiums for sick benefits insurance without having had coverage at all. Under the circumstances, defendant will be deemed to have waived the provision of the policy relied on, for, as was said in Bush v. Liberty Industrial Life Ins. Co., 15 La. App. 269, 130 So. 839, 840, "the company has, by its course of conduct, waived its right to a strict compliance with the letter of the contract." It is said that no other course was open to the company because of the fact that both life and accident insurance were embodied in the same contract and the provision relative to the forfeiture of the life insurance was different from that concerning the sick benefit insurance. But the policy itself stipulates what portion of the premium is applicable to each class of insurance, and it would have been a very easy matter to decline the premium for the sick benefit and to have accepted the remainder. It is our opinion that a clear case of waiver has been established.

We do not believe that the case is one which would justify the application of Act No. 310 of 1910 so as to require the defendant company to pay double indemnity together with attorney's fees.

With regard to the fee of the expert, which is claimed should be allowed under the

authority of Chatman v. Compania De Navegacao Lloyd Brasileiro, supra, we do not find that any effort was made below to tax the expert fee, which is presumably that of Dr. Julian Lombard, consequently, for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.