## HAYES v. LOUISIANA INDUSTRIAL LIFE INS. CO.
### No. 14636.

Court of Appeal of Louisiana. Orleans.
June 28, 1934.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

J. I. McCain, of New Orleans, for appellee.

## WESTERFIELD, Judge.

Plaintiff, alleging that she is the beneficiary under a policy of industrial life insurance for the sum of $102 issued in the name of her uncle, Henry Decade, who died on October 7, 1929, brings this suit for the face value of the policy. The defendant denies liability upon the ground that the policy sued on had lapsed before the death of the insured for nonpayment of premiums, and that it had not been effectively reinstated or revived, and that the only sum due the plaintiff beneficiary was the sum of $12, the amount of paid-up insurance purchasable with the reserve which, under the terms of the policy, had accumulated at the time of its lapsing, and the further sum of $1.05 the amount paid defendant's agent in an ineffectual effort to revive the policy, or a total of $13.05.

There was judgment below in favor of plaintiff as prayed for, and defendant has appealed.

■ The first question to be determined is the status of the policy sued on at the time of the death of the insured. It is admitted that the policy had lapsed because of the non-payment of premiums and that an effort was made to revive it on January 20, 1933, when it was five weeks in arrears, and a payment was made to Edw. Miles, agent of the defendant company, of $1.05, a sum sufficient to discharge the arrears and to pay two premiums in advance, the weekly premium being $.15. The insured died four days later or January 24, 1933.

The provision of the policy with respect to revival reads as follows:

"Should this policy become void in consequence of nonpayment of premiums, it may be revived if not more than fifty-two premiums are due, upon the payment of all arrears and the presentation of evidence satisfactory to the company of the insurability of the Insured."

Defendant's contention is that since no policy is ever revived by it without a formal application signed by the insured in which certain warranties are made to the effect that the applicant is in good health and that he has never suffered from certain specified diseases mentioned in the application, which was not done in this instance, the policy was not revived.

In reply plaintiff denies that it was customary to exact a written application and says that no formal application was required on the two previous occasions when reinstatement was admittedly effected, and nothing was ever done beyond the payment of the overdue premiums, and that, consequently, the provision of the policy with respect to the presentation of evidence of insurability as a prerequisite to reinstatement has been waived by the conduct of the company.

In Bush v. Liberty Industrial Life Insurance Company, 15 La. App. 269, 130 So. 839, 840, we held that a course of action on the part of an insurance company which would reasonably induce the belief in the insured of an intention or election to waive a forfeiture would prevent the insurer from thereafter claiming the forfeiture, though it might be justified under the terms of the policy, and in that case we quoted from New York Life Insurance Company v. Eggleston, 96 U. S. 572, 24 L. Ed. 841, the following:

"We have recently, in the case of Insurance Company v. Norton (supra, 96 U. S. p. 234, 24 L. Ed. 689), shown that forfeitures are not favored in the law; and that courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so on which the party has relied and acted. Any agreement, declaration, or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract."

See, also, Johnson v. Southern Life & Health Insurance Company, 18 La. App. 574, 139 So. 46.

Turning our attention to the record, we find the question of the practice with reference to the insistence upon evidence of insurability by defendant's agent in sharp conflict. The agent, Edward Miles, testified that such was his invariable custom, and that he had retained the reinstatement premiums in his possession without transmitting them to his company, awaiting an opportunity to see the insured who was absent when the premiums were collected and have the application signed. On the other hand, Beulah Hayes, who paid the premiums to defendant's agent, and who had always paid them during the several years in which the policy was in force, declared that nothing was ever said about an application, and that no request was made to see the absent insured, and that all that was required at the time of the payment of the overdue premiums and on the two former occasions when the policy was revived was the payment of premiums which were in arrears. She is corroborated by Walter Hayes, her husband.

In our opinion the trial judge in accepting the version of plaintiff and rejecting that of the defendant was correct, because of the failure of the defendant to produce either of the two former applications, which the defendant's agent testified had been signed by the insured and which he declared were in the possession of the defendant company and for the production of which a request was made by plaintiff's counsel. If such evidence was in defendant's possession, its production would have refuted plaintiff's statement. The failure to offer the applications, without explanation, confirms plaintiff's story.

Moreover, it will be recalled that the $1.05 was more than sufficient to pay the five weeks which the policy was in arrears and represented two weeks advanced premiums. If the defendant's agent had been in the habit of exacting evidence of insurability before re-

instating the policy, it is unlikely that he would have collected more than the past-due premiums, and the fact that he did collect two premiums in advance is corroborative of the plaintiff's position that nothing more than the payment of the premiums was ever required for reinstatement.

The fact that the receipt for the premiums indicated that they had been accepted conditionally and would be applied to the payment of premiums only in the event the "insured under said policy is alive and in good health, at the time such amount is collected, otherwise only the amount hereon shall be refunded," is of no importance because we have held that "evidence satisfactory to the company of the insurability of the insured" had been waived by the conduct of the defendant.

The other questions presented need not be considered in view of our conclusion that the policy had been revived.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.