## SHANCHELL v. UNIVERSAL LIFE INS. CO.

### No. 16028.

Court of Appeal of Louisiana. Orleans.
May 27; 1935.

Rudolph Vorbusch, of New Orleans, for appellant.

A. H. Reed, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit on a policy of industrial life insurance. The amount claimed is $105.

There are two defenses: First, it is contended that there has been a compromise settlement and that, therefore, nothing is due; and, second, that even if, for the reasons set forth by the plaintiff, the so-called compromise settlement may be disregarded, nevertheless only one-quarter of the face value of the policy is payable because of certain limitations in the policy resulting from the nature of the disease from which the death resulted, and from the fact that the death occurred within one year of the date of the policy.

In the court a qua, there was judgment as prayed for in the sum of $105, and defendant has appealed.

In support of its contention that there has been a compromise settlement, defendant produced a document purporting to have been signed by plaintiff, and which document acknowledges receipt of $26.25, and grants full acquittance and discharge from all further liability under the policy. If the document bears the genuine signature of the plaintiff and if it can be shown that the payment of the amount mentioned was actually accepted by plaintiff, then obviously the matter would end there; but plaintiff contends that she did not sign the document as it now is and that, as a matter of fact, she signed a blank sheet of paper which was to be filled in by defendant's representative, and that when she did so she was told that she was to be paid $105, which is the full face value of the policy. She furthermore contends that she has not accepted the sum shown in the document as the amount of the compromise settlement.

Defendant admits that plaintiff has never accepted the amount of the compromise which, it is alleged, she agreed to accept; but it is contended that her refusal to accept the amount does not in any way affect the compromise settlement.

We think it plain that there has been no settlement consummated. Conceding that plaintiff signed the document and that there are no additions thereto or alterations therein, still we believe that until the payment contemplated was actually made to and accepted by her she could recede from her agreement so long as the right of the other party thereto had not been prejudiced. Had she been handed cash at the time of the ex-

ecution of the document, if she did execute it, or had she accepted a check, the situation might have been different;. but, even if she did sign the document, she did not receive the cash and she did not agree to accept a check. Since the settlement was not consummated and since we feel, therefore, that plaintiff is not estopped thereby to prosecute her suit, it is unnecessary that we determine whether there were additions or alterations made after she signed.

The other contention of defendant, if successful, would not defeat the claim in its entirety, but would reduce it to $26.25. The policy, though bearing the face value of $105, stipulates for the minimum death benefit of $52.50 if the death occurs during a certain limited period, and the death in this case plainly occurred during that period, so that in no event can the amount awarded exceed $52.50.

Defendant calls attention to a clause in the policy which provides that the payment for death shall be only one-half of the amount otherwise due if death results from any one of certain specified diseases. We find no satisfactory proof that the death in this case resulted from one of those diseases and, therefore, do not feel justified in reducing the amount to one-half of what would otherwise be due.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by reducing the amount thereof to $52.50 with legal interest thereon from March 6, 1933, and that as thus amended it be affirmed; plaintiff-appellee to pay the costs of appeal; defendant-appellant to pay all other costs.

Amended.