### ROSS v. UNITY INDUSTRIAL LIFE INS. CO.*
### No. 1500.

Court of Appeal of Louisiana. First Circuit.
June 14, 1935.

Shelby Taylor, of Baton Rouge, for appellant.

W. N. Fauver and Ira J. McConathy, both of Baton Rouge, for appellee.

DORE, Judge.

This is an appeal by plaintiff from a judgment against her, declining her demand for the sum of $129, arising out of her being named as beneficiary in a policy of insurance issued by defendant on the life of one Nathan Chaney, wherein the plaintiff was named as beneficiary thereof.

On April 10, 1933, defendant insurance company issued a policy to Nathan Chaney, in which plaintiff was named beneficiary, the premium thereof being a weekly payment of 15 cents, with the provision that the same shall lapse after four Monday payments being past due. The deceased paid up to and including June 13, 1933. On December 4, 1933, plaintiff paid the insurance agent the sum of 60 cents with the view of reinstating the policy. On December 11, 1933, plaintiff paid unto the accredited agent of the said insurance company the sum of 60 cents, all of which was received by the said agent in part satisfaction of past-due installments and in the reinstatement of the insurance policy. On December 20, 1933, the plaintiff again paid the agent of defendant insurance company the sum of $3.80, thereby fully reinstating the policy to and including December 25, 1933. The agent gave to the plaintiff receipts therefor. The insured, Nathan Chaney, died on the evening of December 25, 1933.

The question resolves itself as to whether or not the policy had lapsed. We think not.

As expressed in a former decision of this court in the matter of Jones v. First National Life Health & Accident Ins. Co., 8 La. App. 691: "There is no evidence to sustain any charge of fraud practiced either by the deceased, his beneficiary or by the collector as against the defendant." The defendant in the case at bar did not even allege nor seek to prove any such fraud or collusion.

The defendant insurance company does not deny that it received the premium paid on December 4, and December 11, 1933, amounting to $1.20, nor does it contend that insured, Chaney, was not then in good health; in fact the receipts so state. The

only receipt in controversy is that one of date of December 20, 1933, and is for the sum of $3.80, and which clearly states that the same is up to and including December 25, 1933. At that time, Chaney may have been sick, but not to the knowledge of the beneficiary, who paid for the same, nor to the defendant's agent. The receipts herein mentioned were for premiums past due and future, and were voluntarily received by the company on December 4, 1933, December 11, 1933, and December 20, 1933, as premiums on the policy.

Florence Ross, plaintiff, cannot be charged, under the evidence herein, with any fraud or conspiracy to defraud the defendant. In fact, the defendant, realizing its inability to show such, did not seek the evidence of its agent who collected the premiums, or even attempt to charge and prove fraud or conspiracy to defraud.

As stated in the case of Bush v. Liberty Industrial Life Ins. Co., 15 La. App. 269, at page 271, 130 So. 839, 840: "We feel that the premium was paid before the death of the assured, and that defendant has waived its right to demand strict formal compliance with the policy stipulation with reference to reinstatement."

The judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of Florence Ross and against Unity Industrial Life Insurance Company in the full sum of $129, together with 5 per cent. interest thereon from judicial demand until paid, and all costs in both courts.