## MOBLEY v. UNIVERSAL LIFE INS. CO.*
### No. 16189.

Court of Appeal of Louisiana. Orleans.
April 20, 1936.

Jno. A. Smith, Jr., of New Orleans, for appellant.

R. O. Vorbusch, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by the beneficiary of an industrial life insurance policy for the face value thereof, $153. The suit is defended upon the ground that the policy had lapsed at the time of the death of the insured. There was judgment below for defendant, and plaintiff appealed.

*Rehearing granted May 18, 1936.

The pertinent provision of the policy issued by defendant reads as follows: "Grace Period. A grace of four weeks shall be granted for the payment of every premium after the first, during which time the insurance shall continue in force. If death occur within the days of grace, the overdue premiums shall be deducted from the amount payable hereunder, but neither this concession nor the acceptance of any overdue premium shall create an obligation on the part of the Company to receive premiums which are in arrears over four weeks."

A card on which the collection of the weekly premium of 15 cents was recorded was offered in evidence, and it indicates the amounts shown below were paid on the following dates:

April 17, 15¢  June 11, 30¢  Aug. 18, 15¢
April 24, 15¢  July 22, 30¢  Aug. 28, 30¢
May  1, 15¢  Aug. 11, 30¢  Sept. 7, 15¢
May 22, 15¢  Aug. 12, 30¢

It is the contention of defendant's counsel that the premium due under the policy was more than four weeks in arrears when the payment of July 22d was made, and that it was continuously in arrears thereafter. In other words, the policy is said to have been seven weeks in arrears on that date, and the payments made from time to time were applied towards reducing the arrears, but were never sufficient to bring the policy up to date, with the result, counsel asserts, that though nine premiums were paid after the time the policy is said to have lapsed for nonpayment of premiums, the policy was never reinstated and was never in force after July 22d.

The policy contains the following provision with respect to reinstatement after expiration of the grace period: "Revival. Should this policy become void in consequence of non-payment of the premium it may be revived if not more than fifty-two premiums are due, upon payment of all arrears and the presentation of evidence satisfactory to the Company of the sound health of the insured, but shall not again become in force until five weeks after the date of acceptance of the revival by the Company."

It is conceded that this provision of the policy was not complied with and that the policy was not formally revived in accordance with its terms. Nevertheless, we are of opinion that defendant has waived compliance with this provision by conduct inconsistent with its terms. In accepting the weekly payments after the date of the lapse of the policy for nonpayment of premiums, without requiring evidence of the sound health of the insured, the condition mentioned in the policy as necessary to its revival, the defendant cannot now be heard to say that the policy was "out of benefit," though the assured was making more or less regular payments of the premium. To hold otherwise would permit the company to receive premium payments indefinitely on a policy which would be continuously "out of benefit."

In Anderson v. Life & Casualty Ins. Co., 158 So. 270, 271, we said: "There can no longer be any doubt that continued acceptance by an insurer of payments tendered as premiums on a lapsed policy must be construed as a waiver of the right of the insurer to insist upon formal requirements as to reinstatement or revival. See Jones v. First Nat. Life, Health & Acc. Ins. Co., 8 La.App. 691, and Bush v. Liberty Industrial Life Ins. Co., Inc., 15 La.App. 269, 130 So. 839."

And in Riley v. Life & Casualty Ins. Co. (La.App.) 145 So. 33: "The policy sued on was issued May 16, 1927, and the illness, for which the indemnity sued for is claimed, occurred on December 9, 1931, so that, according to defendant, for a period of more than four years the plaintiff has been paying premiums for sick benefits insurance without having had coverage at all. Under the circumstances, defendant will be deemed to have waived the provision of the policy relied on, for, as was said in Bush v. Liberty Industrial Life Ins. Co., 15 La.App. 269, 130 So. 839, 840, 'the company has, by its course of conduct, waived its right to a strict compliance with the letter of the contract.'" See, also, Brown v. Peoples' Industrial Life Ins. Co., 16 La.App. 10, 132 So. 241.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment herein in favor of the plaintiff, Josephine Mobley, and against the defendant, Universal Life Insurance Company, in the full sum of $153, with legal interest from judicial demand and all costs.

Reversed.