**MOBLEY v. UNIVERSAL LIFE INS. CO.**

No. 16189.

Court of Appeal of Louisiana. Orleans.

Jan. 25, 1937.

Jno. A. Smith, of New Orleans, for appellant.

R. O. Vorbusch, of New Orleans, for appellee.

McCALEB, Judge.

A rehearing was granted in this matter limited, however, to the question of the amount of plaintiff's recovery. For a discussion of the facts and law of the case, see (La.App.) 167 So. 217.

The suit was brought for the sum of $153, which is the face value of the policy of insurance issued by the defendant, and judgment was awarded by this court in favor of plaintiff for that amount. The rehearing was granted after counsel for defendant had called our attention to the fact that the assured died five months after the issuance of the policy, and that under the conditions expressed in said policy the insurance company is liable for only one-half of the full death benefit where the assured dies within twelve months from the date of the contract. Under these circumstances, the plaintiff would be entitled to $76.50 which is the minimum death benefit.

Defendant has cited two cases, namely, Sanders v. Universal Life Ins. Co. (La. App.) 164 So. 507, and Shanchell v. Universal Life Ins. Co. (La.App.) 161 So. 339, to sustain its position.

However, counsel for plaintiff directs our attention to the fact that there is an indorsement on the policy in suit which reads:

"Excepting provisions in conditions 12, 16 and 17 this policy is in immediate full benefit from date of issue.

"[Signed] J. E. Walker, Pres.

"M. W. Bonner, Sec."

It is claimed that the foregoing indorsement had the effect of overriding the other provisions of the policy with reference to partial benefits and that, from the date the policy was issued, the beneficiary was entitled to the full benefit when death occurred, irrespective of the other stipulations contained in the contract.

However, counsel for defendant asserts that this indorsement can only refer to the time when the policy was to take effect and that the words "immediate full benefit," as used therein, may not be interpreted as annulling the other provisions of the policy respecting partial benefits. But, the policy provides that it takes effect on the date of its issuance, and in the absence of conditions therein, postponing the date on which coverage is granted, it is apparent that the words "immediate full benefit" referred exclusively to the amount payable in the event of death.

Therefore, we hold that the indorsement in question had the force of placing the policy in immediate full benefit, and overrode the other conditions in the contract respecting minimum benefits payable when death occurred within twelve months from the date of issuance.

The case of Shanchell v. Universal Life Ins. Co., supra, is readily distinguishable from the case at bar because in the former it does not appear that the policy of insurance contained the indorsement which is present here.

For the reasons stated herein, our original decree is reinstated and made final.

Original decree reinstated.