## WILLIAMS v. UNITY INDUSTRIAL LIFE INS. CO., Inc. *

### No. 16845.

Court of Appeal of Louisiana. Orleans.

May 16, 1938.

*Rehearing denied May 30, 1938.

Cabral & Graham, Walter C. Bougere, and J. I. McCain, all of New Orleans, for appellant.

Normann & Bethea and H. M. Rouchell, all of New Orleans, for appellee.

McCALEB, Judge.

On March 18, 1935, the Unity Industrial Life Insurance Company, Inc., issued a policy of insurance upon the life of Frances Williams whereby it agreed that, in consideration of the payment of weekly premiums of 15¢, it would furnish a funeral, valued at $150.00, to her upon her death. This policy remained in full force and effect from the date of its issuance until February 15, 1937, when it lapsed for nonpayment of premiums.

On April 5, 1937, Ernestine Williams (the insured's daughter), the beneficiary of the policy, sought to have the same reinstated by payment of all premiums then in arrears amounting to $1.35. This sum was accepted by the insurance company's agent and he issued a conditional receipt, which provided as follows:

"Received of Frances Williams the sum of $1.35 on Policy No. B. 3835 paying same to 4/12/37. It is understood, in accordance with the terms of the Policy, that no benefits will be paid for sickness or death occurring within 15 days from the date hereof, and that if the insured is not now in good health and free from all injuries the amount above received will be refunded.

"[Signed] L. B. Hurt, Agent."
"Date. 4/5/37"

At the time of the payment of the past due premiums to the agent of the company, Frances Williams, the insured, was ill in the Charity Hospital of New Orleans, having been admitted to that institution on April 4, 1937. No other premiums were paid to the insurance company after April 5, 1937, and the insured died at the Charity Hospital on May 22nd of the same year.

After the death of her mother, Ernestine Williams made demand on the company for payment of $150.00. Upon its refusal to accede to her request, she brought this suit against it seeking the enforcement of her rights under the policy.

The defense to the action is (1) that the policy was not reinstated by the payment of the arrears of premiums on April 5, 1937, inasmuch as the company rejected the application for revival as soon as it discovered that the insured was not in sound health; (2) that, even though it should be held that reinstatement of the policy was not refused prior to the insured's death, the mere retention of the delinquent premiums by it does not operate as a waiver of its right to assert that the policy was not revived because the premiums were accepted upon the specific condition that the insured was in good health at the time the application was made; and (3) that, in the alternative, in the event there is liability on the policy, plaintiff's recovery should not exceed the sum of $10.00.

The case proceeded to trial on these issues and resulted in a judgment in the defendant's favor, dismissing the plaintiff's suit. Hence this appeal.

The main dispute between the litigants calls for a determination of the effect of the application for reinstatement, for it is conceded that, if the policy was revived, its coverage was automatically extended for a period of 60 days from the date of reinstatement without payment of other premiums and that, when the insured died, the policy was in benefit.

The defendant claims, at the outset, that it has never revived the policy but that, on the contrary, it affirmatively rejected the application for reinstatement by a timely offer to return the premiums which it had conditionally accepted from the plaintiff. Reliance is placed upon the evidence of its agent, L. B. Hurt, in maintenance of the point.

Hurt testified, in substance, that he was well acquainted with the insured and the plaintiff; that he lived near their house; that on April 5, 1937, the plaintiff came to his home and inquired how much her mother owed on the policy and that he informed her that 9 weeks' premiums or $1.35 was then past due. He says that plaintiff gave him the $1.35; that he issued to her a conditional receipt for the same; that, later in the day, upon acquiring knowledge of the fact that the insured was ill in the hospital, he went to plaintiff's home and offered to return the money to a man whom he believed to be the plaintiff's husband and that the latter refused to accept it. He further stated that about four days afterwards he, accompanied by his Superintendent, again visited the plaintiff's home; that on that occasion he reiterated his offer to return the premium money to plaintiff; that she declined to take it, remarking that her mother alone was responsible for the insurance and that the matter would have to be taken up with her.

Contra, plaintiff testifies that the agent did not at any time offer to return the premium money and her statement is corroborated by her uncle, McKinley Davis, who resided at her home.

■ The testimony of Hurt does not impress us and the insurance company has failed to produce its superintendent, who is supposed to have been present when the offer to return the premiums was allegedly made. It seems too plain for extended discussion that, if the defendant had really desired to decline reinstatement of the policy, it would have made a formal tender to the plaintiff. After the insured died and demand in writing for payment of the policy was made by the attorney for the plaintiff, the company sent its check to him to cover the premiums, but this belated offer was refused. We think that this was the only tender made by the defendant.

Being, therefore of the opinion that the defendant did not affirmatively refuse to revive the policy prior to the death of the insured, we approach the question of law raised by the pleadings, viz: whether its retention of the premiums constituted a waiver of the condition of the policy that the insured be in sound health at the time the application for reinstatement is made.

The plaintiff maintains that the defendant's retention of the past due premiums constitutes a waiver of its right to assert that a revival of the policy was not effected. She cites the cases of Bush v. Liberty Industrial Life Ins. Co., 15 La. App. 269, 130 So. 839, Mobley v. Universal Life Ins. Co., La.App., 167 So. 217, Anderson v. Life & Casualty Ins. Co. of Tenn., La.App., 158 So. 270, Riley v. Life & Casualty Ins. Co. of Tenn., La.App., 145 So. 33, Hayes v. Louisiana Industrial Life Ins. Co., La.App., 155 So. 778, Jones v. First Natl. L. H. & A. Ins. Co. 8 La. App. 691, Ross v. Unity Industrial Life Ins. Co., La.App., 162 So. 86, Johnson v. Southern Life & Health Ins. Co., 18 La. App. 574, 139 So. 46, and Sampson v. Life & Casualty Ins. Co. of Tenn., La.App., 175 So. 148, in support of her contention.

The Bush, Mobley, Anderson, Riley, Hayes and Jones Cases are not in point. The holdings in those matters were based upon a finding that the insurance company had adopted a previous course of conduct by accepting past due premiums on the policy and that the custom established by it was such as to lead the insured to honestly believe that, by conforming thereto, a forfeiture of the policy would not be incurred. The doctrine applied in those adjudications was that of estoppel and not waiver. It is true that the term "waiver" was used interchangeably with "estoppel," but the underlying theory of the conclusions reached was that the insurer, by its past conduct, had lulled the insured into a feeling of security and that, by so doing, the former was estopped from insisting upon a strict compliance with the conditions of the policy.

The case of Ross v. Unity Industrial Life Ins. Co., supra, also cited by the plaintiff, is likewise inapplicable to the case at bar for, there, the court found as a fact that the policy had not lapsed, whereas, here, it is conceded that the policy had lapsed, the question being whether it was effectively reinstated.

In Sampson v. Life & Casualty Ins. Co. of Tenn., supra, the company had actually approved the revival application. The decision, therefore, is not pertinent.

On the other hand, the defendant depends upon Crease v. Liberty Industrial Life Ins. Co., La.App., 151 So. 89, Brown v. Peoples Industrial Life Ins. Co., 16 La. App. 10, 132 So. 241, Embert v. Woodmen of the World, 2 La.App. 140, Richardson v. American National Ins. Co., 18 La.App. 468, 137 So. 370, and Taylor v. Latin-American Life & Casualty Ins. Co., 152 La. 740, 94 So. 375, to sustain its contention that the mere retention of the premiums by it did not operate as a waiver to its right to claim that a revival of the policy was not effected.

In the Embert Case, the insured applied for reinstatement of the policy 10 days before her death. At the time she sought the revival, she was not in good health. In holding that the policy had not been reinstated because of her unsound physical condition, we found that the policy plainly contemplated a medical examination of some sort and that the duty was cast upon the insured to furnish to the Sovereign Commander of the Woodmen of the World satisfactory evidence of insurability. The case is distinguishable from the instant one on the ground that, here, no medical examination was required or contemplated. Notwithstanding the conclusion reached, we expressed the view that, if an unreasonable time had elapsed without action on the part of the defendant upon the application for revival, or if other premiums had been accepted in the interim, it would have constituted a waiver of the insurer's right to insist upon evidence of good health before reinstating the policy.

The Crease Case is likewise distinguishable from the instant matter for, there, the insured died the day after the application for revival was made. It is obvious that one day was not an unreasonable time for the insurer to decide whether it would reinstate the policy. The same is true of the Brown Case where the revival application was made two days before the death of the insured.

It is true that the Embert, Crease and Brown Cases contain expressions which would seem, if interpreted literally, to maintain the defendant's contention. The language used in those matters was entirely appropriate as applied to the state of

facts presented, but is not controlling in the case at bar.

Counsel for the defendant also rely upon Richardson v. American Natl. Ins. Co. and Taylor v. Latin-American Life & Casualty Ins. Co., supra, in support of their contention. Those cases are not in point for the reason that, there, the defendants were not endeavoring to sustain a forfeiture but were relying solely upon a suspension clause contained in the policy. In other words, those policies provided that, while, upon the payment of the past due premiums, reinstatement would take place, its effect would be suspended during a fixed period of time. The operation of the suspension clauses was not conditioned upon the will of the insurer, whereas, here, the revival of the policy was entirely dependent upon the company's approval of the application.

We have no hesitancy in holding that an insurance company may tacitly waive a condition inserted in its policy, that it will not reinstate the same unless the insured is in good health, by retaining, for an unreasonable length of time, the delinquent premiums paid to it in compliance with the reinstatement provisions of the policy. This conclusion manifests itself in policies, such as this, where no physical examination of the insured is contemplated and where the payment of the premiums in arrears constitutes all that is required of the insured in order to effect the revival. When the premiums are accepted, the decision rests entirely with the insurer. It has the right to reject the application if the insured is not in sound health. But it must exercise the option granted it. It may not remain passive for an unreasonable length of time. If it does so, it must be presumed that it has waived its right to refuse reinstatement of the policy.

Here, the insurance company retained the premiums for a period of 47 days without taking any action upon the insured's application to reinstate the policy. No reason is advanced by it to show that it could not have acted long before the insured's death. The delay was obviously unreasonable and constituted a waiver of the condition that the insured was in sound health.

This case may not be differentiated from that of Johnson v. Southern Life & Health Ins. Co., 18 La.App. 574, 139 So. 46. There, it appeared that, the policy having lapsed for nonpayment of several weekly premiums, the insured applied for a reinstatement and deposited with the company the sum of $1.40 covering the premiums in arrears. The policy contained a provision similar to the one in suit to the effect that the reinstatement would not be binding unless the insured was in sound health. Eight days after the application for revival had been made, the insured died and the question presented was whether the delay of eight days was an unreasonable time for the insurance company to take action upon the revival application and decide whether it would reinstate the policy. We held that, inasmuch as the revival application had been approved by the New Orleans office and required only the further approval of the home office of the company in Birmingham, the 8 day period was more than adequate within which to have the revival approved and that the company was guilty of laches in failing to refuse reinstatement within that time. We construed the delay as an affirmative acceptance of the deposit to cover the premiums due upon the policy.

Since we find that there is liability under the policy, we consider, finally, the extent of plaintiff's recovery.

The defendant contends that it only agreed to furnish a funeral of a value equivalent to $150.00; that the plaintiff did not demand that its undertaker perform the burial service and that, therefore, under the conditions of the policy, the judgment should be limited to $10.00, which is the cash amount recoverable in case a funeral is not requested by the beneficiary. The plaintiff and her uncle testified that, after the insured's death, they communicated with the defendant's agent and also called at the office of the company, but that they were unable to obtain any satisfaction. Two employees of the defendant assert that no demand was made upon the company. We accept the plaintiff's statement and hold that it prevails over the testimony of the employees of the defendant.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Ernestine Williams, and against the defendant, Unity Industrial Life Insurance Company, Inc., in the full sum of $150.00 with legal interest thereon from date of judicial demand until paid and for all costs of court.

Reversed.