## HAYDEL v. OPERATIVE PLASTERERS' & CEMENT FINISHERS' INTERNATIONAL ASS'N OF UNITED STATES AND CANADA.

### No. 17232.

Court of Appeal of Louisiana. Orleans.

Oct. 30, 1939.

Daly & Hamlin, of New Orleans, for appellant.

J. A. Woodville and J. L. Warren Woodville, both of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, the widow of Joseph Haydel, seeks to recover from defendant, Operative Plasterers' & Cement Finishers' International Association of the United States and Canada, $250, alleging that, at the time of the death of her said husband on December 19, 1936, he was a member in good standing of defendant association, and that she, as his surviving widow, is entitled to the said amount as the fraternal death benefit provided by the constitution of defendant.

The association admits that Haydel had been a member for about twelve years, but denies that, at the time of his death, he was in good standing, asserting that he was indebted to it in the sum of $8 and maintaining

that, therefore, his widow is not entitled to the said benefit since the constitution on which plaintiff relies provides that such benefit shall "be paid only on sworn affidavit of the President and Financial Secretary that deceased member and subordinate association were in good standing at the time of his death."

In the court below there was judgment for plaintiff as prayed for and defendant has appealed.

Determination of the principal issue depends not upon whether plaintiff's husband, at the time of his death, was delinquent in his financial obligations to the association —it being admitted that he was so delinquent to the extent of $8—but upon whether this fact deprived him of his status as a member "in good standing".

As we have said, it is conceded that Haydel had been a member of defendant association for about twelve years and that, on the morning of November 11, 1936, he was indebted for delinquent dues in the sum of $42, and it is further conceded that on that day he made a payment of $34, leaving a balance of $8. It is shown that the dues accrued and were payable at the rate of $1.15 per month and it is admitted that on December 3, 1936, he made another payment of one month's dues amounting to $1.15 and was given a membership card reading as follows:

"O. P. C. F. I. A. Local No. 93
"New Orleans, La.,
"December 3, 1936.
"Brother Joseph Haydel, Received from Bearer a member in good standing for Month of December.
"Louis Lawrence, President.
"Eugene Desvignes, Secretary."

Defendant maintains, however, that Haydel understood that he was not, in fact, in good standing, but that the card was given him merely in order to permit him to obtain employment, which he could not do unless in possession of a union or membership card.

Plaintiff contends that the mere fact that her husband was financially delinquent did not deprive him of his status as a member in good standing and that, even if it did, defendant is estopped to rely upon this delinquency since it issued to him the card and also since it accepted his regular monthly dues on December 3, 1936, only sixteen days prior to his death. Counsel for plaintiff cite many authorities in support of their con-

tention that a member of such an association may be "in good standing" even though delinquent in the payment of dues and argues that, since forfeitures are not favored in the law, the rights of membership are not to be denied a member unless the constitution, by-laws, or rules of the association expressly provide that no right shall exist unless all dues are paid, and that the term "in good standing" is not equivalent to the expression "in good standing financially."

Plaintiff relies particularly on the principle which is recognized in Corpus Juris, Vol. 45, at page 116, section 99, that since forfeitures are not favored in the law and rights of members of such associations are not to be taken away by provisions of the constitution or of the by-laws of such association unless those provisions are clear and unambiguous; and plaintiff maintains that a requirement that a member be in good standing does not necessarily mean that the financial standing must be good. Since the constitutional provision from which we have quoted requires, as a condition precedent to recovery, that an affidavit of the financial secretary be obtained, and that this affidavit show that the member is in good standing, it would seem that it was the financial status of the member which was uppermost in the minds of the framers of the constitution. We feel, therefore, that the provision at least comes very close to being a requirement that the financial status of the member be good.

But we are of the opinion that the contention of plaintiff concerning estoppel is well founded. Not only did the association issue to Haydel a card declaring him to be a member in good standing for the month in which he died, but it accepted from him the full amount of dues required for that month. If a member who becomes delinquent in his monthly dues is to be denied the privileges of membership and nevertheless his regular monthly dues are to be accepted, it might well be that, having once become delinquent, he might during the remainder of his life pay, each month, one month's dues and yet never be entitled to the privileges of membership.

We considered such situations in Riley v. Life & Casualty Insurance Company of Tenn., La.App., 145 So. 33, and in Mobley v. Universal Life Insurance Company, La. App., 167 So. 217. In the Riley case we said: "Plaintiff's counsel stoutly denies the delinquence of his client, and claims that

the evidence in the record is to the contrary. But in our opinion it is immaterial because if we accept the statement in defendant's answer to the effect that plaintiff was always in arrears as true, the result is the same. The policy sued on was issued May 16, 1927, and the illness, for which the indemnity sued for is claimed, occurred on December 9, 1931, so that, according to defendant, for a period of more than four years the plaintiff has been paying premiums for sick benefits insurance without having had coverage at all."

In the Mobley case appears the following [167 So. 218]: "* * * To hold otherwise would permit the company to receive premium payments indefinitely on a policy which would be continuously 'out of benefit.'"

We think defendant is estopped to deny that, at the time of Haydel's death, he was a member in good standing.

Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of defendant.

Affirmed.