This is a suit by the plaintiff, Mary Muse, beneficiary of a funeral insurance policy, for the face value thereof, $200, against the defendant, Strudwick Fair Service Insurance Company, Inc. The defendant pleaded that the policy had lapsed at the time of the death of the insured, Arthur Coaley, brother of plaintiff.
From a judgment in favor of defendant, plaintiff prosecutes this appeal.
While the appeal was pending in this court, the plaintiff, Mary Muse, died and her sole and surviving heir, Bertha Coakely, wife of Eugene Thomas, was made party plaintiff.
The pertinent provision of the policy issued and relied upon by defendant reads as follows:
"A grace of four Mondays will be granted for the payment of every premium after the first, during which time this insurance shall continue in force; but if the assured becomes delinquent for more than four (4) weekly premium payments, this policy shall lapse and all such premiums theretofore paid shall be forfeited to the Company.
"Premiums on this policy are payable at the office of the Company, or its duly authorized representatives, and it is the duty of the assured to see that the premiums are paid in accordance with the terms of this policy. In the event the Company's representatives do not call to collect the premiums, the assured is obligated to pay same at the office of the Company before same become delinquent."
Defendant's answer reads in part as follows: — "That the last premium payment made by the insured covered the week ending Monday, June 23, 1947; that after June 23, 1947, no premiums were paid; that four weeks, namely, the week ending June 30, July 7, July 14, and July 21, 1947, passed without the payment of premiums and the policy automatically lapsed under the terms thereof, on July 21, 1947; that decedent died on July 26, 1947, after the policy had lapsed."
Plaintiff concedes that more than four weeks had elapsed without the payment of premiums by the insured but maintains that defendant is estopped from denying liability in connection with this policy of insurance because it has waived compliance with the provision of the policy relating to the payment of premiums as hereinabove *Page 926 
quoted, by conduct inconsistent with its terms. In support of this contention plaintiff offered in evidence the premium receipt book beginning with date of January 7, 1946, and ending June 23, 1947 — and pointed out that on July 13, 1946, plaintiff paid the premiums due June 3, 10, 17, 24, July 1, 8, 15, 22 and 29, 1946, and that on this occasion the policy was at least six weeks in arrears when the premiums were paid on July 13, 1946.
On February 21, 1947, plaintiff or the insured paid the premiums due January 6, 13, 20, 27, February 3, 10, 17 and 24, and that on this occasion the policy was in arrears at least seven or eight weeks when the premiums were paid on February 21, 1947.
On May 21, 1947, the insured paid the premiums due April 3, (referring to the calendar for the year 1947, this date should have been entered in the receipt book as Monday, April 7) 14, 21, 28, May 5, 12, 19 and 26, and that on this occasion the policy was at least seven or eight weeks in arrears when the premiums were paid on May 21, 1947.
Finally, plaintiff points out that the last premium payment made covered the week ending Monday, June 23, 1947; that four weeks, namely, the week ending June 30, July 7, 14 and 21, 1947, passed without the payment of premiums and that the insured died on July 26, 1947, which is four weeks and five days from the date of the payment of the last premium.
In our opinion we find it unnecessary to pass upon the alternative contentions of the litigants in order to decide the issues herein involved. We have carefully examined the premium receipt book and have ascertained therefrom that the insured died within the period of "grace" as set forth in the above quoted provision of the policy and, therefore, the policy in question had not lapsed when the insured died.
The policy stipulates that "* * * which said premium is payable in advance on or before each Monday in every week * * *". A thorough analysis of the premium receipt book reveals that all premiums were due on a Monday. For the purpose of showing that the insured died within the period of grace as provided for in the policy we are relegated to the date of March 3, 1947. On March 18, 1947, plaintiff paid the premiums due for Monday March 3, 10, 17, 24 and 31. Referring to a calendar for the year 1947, we find that March 31, was a Monday, and that the following Monday was April 7, 1947. The premium receipt book is in error in the entry of the date as Monday, April 3, 1947. Therefore, on May 21, 1947, plaintiff paid the premiums due for Monday, April 7, 14, 21, 28, May 5, 12, 19 and 26. The premium receipt book again falls into error when the entries reflect that on June 17, 1947, plaintiff paid the premiums due for Monday, May 26, June 2, 9, 16 and 23; because on May 21, 1947, plaintiff had paid the premium for Monday, May 26, 1947. Accordingly, the proper entry should have been as follows: that on June 17, 1947, plaintiff paid the premiums due for Monday, June 2, 9, 16, 23 and 30. The insured died on Saturday, July 26, 1947. Previous to the insured's death the following premiums were due — Monday, July 6, 13 and 20 or a period of three weeks. The policy provides for a "grace" period of four weeks; a fortiori, the policy had not lapsed at the time of the death of the insured.
Assuming arguendo, a position most favorable to the defendant, to the effect that the insured died more than four weeks after the last premium was paid on account of this policy, we are of the opinion that the plaintiff, even in that event, should recover. The defendant has, by pursuing its course of conduct, waived its right to a strict compliance with the letter of the contract of insurance, particularly the provision which reads as follows: — "* * * but if the assured becomes delinquent for more than four (4) weekly premium payments, this policy shall lapse and all such premiums theretofore paid shall be forfeited to the Company."
The evidence reflects that within one year defendant acquiesced and permitted insured to become delinquent three times, for more than four weekly premium payments and that, therefore, the repeated acceptance by the insurer of payments tendered *Page 927 
as premiums on a lapsed policy, must be construed as a waiver of the right of the insurer to insist upon the formal requirements contained in the contract of insurance relative to lapsing the policy in question. Mobley v. Universal Life Insurance Co., La. App., 167 So. 217; Anderson v. Life 
Casualty Insurance Co., La. App., 158 So. 270; Jones v. First National Life, Health Accident Ins. Co., 8 La. App. 691; Bush v. Liberty Industrial Life Insurance Company, Inc., 15 La. App. 269, 130 So. 839.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of Bertha Coakely, wife of Eugene Thomas, and against the defendant, Strudwick Fair Service Insurance Company, Inc., in the full sum of $200 with legal interest from judicial demand and all costs.
Reversed.
JANVIER, J., absent, takes no part.
 *Page 22